BEVERLY KLASS & another *vs.* LEONARD WIRTZ & others.

Worcester.   April 5, 1968. — May 3, 1968.

Present: WILKINS, C.J., WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Equity Pleading and Practice,* Decree, Appeal.

After entry of a final decree dismissing the bill, with costs to the defen-
    dants, in a suit in equity, a purported amendment of the decree in-
    creasing the costs awarded and adding an order to pay counsel fees
    to the defendants was beyond the power of the court and was a nullity
    and it and an appeal from it by the plaintiffs must be expunged.

BILL IN EQUITY filed in the Superior Court on July 12, 1967.

The decrees of July 17 and July 26, 1967, described in the
opinion were entered by *Meagher, J.*

*William F. Wallace* for the plaintiffs.

*Stephen D. Burwick* for the defendants.

WILKINS, C.J.   On July 12, 1967, the ten-year old female
plaintiff and her father filed this bill in equity against the
Ladies Professional Golf Association (LPGA), its officers
and tournament director, and Pleasant Valley, Inc. and
an officer.   Prayers are, among others, for temporary orders
restraining the defendants from preventing her from regis-
tering to play in the LPGA tournament at the Pleasant
Valley course beginning on July 13, 1967.   The restraining
orders were denied on the day of filing.

On July 14, 1967, the plaintiffs filed a motion to dismiss
their suit without prejudice.   On July 17 a judge in the
Superior Court allowed the motion with prejudice and with
costs of $43.75.   On July 21 the defendants moved that the
decree be amended by increasing costs to $120 and by add-
ing an order to pay $200 for counsel fees to each of the seven
defendants, a total of $1,400.   On July 26 a so called "inter-
locutory" decree was entered allowing the motion.   From
this, described as a "final" decree, the plaintiffs appealed
on August 15.

An appeal on August 15 from a final decree of July 17 was too late. G. L. c. 214, § 19. That decree was a definite dismissal of the cause with a stated amount of costs. "Apart from the correction of some purely clerical error, no change in a final decree can be made after it has been entered." *Enterprises, Inc. v. Cardinale,* 331 Mass. 244, 246. The so called "interlocutory" decree of July 26, 1967, allowing the defendants' "motion to amend decree dismissing the bill," was not a correction of a purely clerical error. No error was shown in the original amount of costs or in the omission of counsel fees. Neither is this situation within the statement in *Godard* v. *Babson-Dow Mfg. Co.* 319 Mass. 345, 350: "A court has power by a supplementary decree to alter the details of performance or enforcement of even a final decree." The alteration attempted by the July 26 decree is a nullity. It should be expunged and the plaintiffs' appeal along with it. *Wilde* v. *Wilde,* 350 Mass. 333, 335.

In reaching our conclusion we make no intimation as to the correctness, instead of denying the motion for leave to dismiss without prejudice, of converting it into a dismissal with prejudice (see *Shea* v. *Lexington,* 290 Mass. 361, 373–374); or as to the propriety of allowing any counsel fees at all. See *Chartrand* v. *Riley, ante,* 242.

The final decree of July 17, 1967, is affirmed. The so called "interlocutory" decree of July 26, 1967, and the appeal therefrom are expunged.

*So ordered.*