MICHAEL W. ALBANO & another, trustees, & another *vs.*
BONANZA INTERNATIONAL DEVELOPMENT CO. & another.

Suffolk.    November 14, 1977. — November 22, 1977.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Practice, Civil,* Appeal, New trial.    *Rules of Civil Procedure.*

A motion for a new trial which was filed within ten days of the entry
of judgment but was not served within that time was not timely and
did not, therefore, stay the running of time for filing the notice of
appeal. [693-694]

CIVIL ACTION commenced in the Probate Court for the
county of Hampshire on April 23, 1976.

The case was heard by *Jekanowski,* J., on the merits and
on a motion for a new trial.

After review was sought in the Appeals Court, the defend-
ants moved to dismiss the appeal.

*Cornelius J. Moriarty, II,* for the defendants, submitted
a memorandum.

ARMSTRONG, J.    This civil action, heard in a Probate
Court, was of an equitable nature and was therefore sub-
ject to the Massachusetts Rules of Civil Procedure. See
Mass.R.Civ.P. 1, 365 Mass. 730 (1974). Judgment was en-
tered for the defendants on June 7, 1977. On June 14, 1977,
the plaintiffs filed a motion for a new trial, but they did
not cause the motion to be served upon the defendants
within ten days of the entry of judgment, as required by
Mass.R.Civ.P. 59 (b), 365 Mass. 827 (1974). For that rea-
son, among others, the probate judge on August 11, 1977,
denied the motion. On September 1, 1977, the plaintiffs filed
a notice of appeal from the judgment and from the denial
of the motion for a new trial. The defendants have moved
to dismiss the appeal on the ground that the notice of

appeal was not filed within the time limit specified in Mass.R.A.P. 4, 365 Mass. 846 (1974).[1]

The latter rule required that the notice of appeal in this case be filed within thirty days after June 7, 1977, the date of entry of the judgment appealed from, unless the running of time was stayed by the filing of the motion for new trial on June 14. If that motion was timely, it had the effect of terminating the running of the thirty-day period for filing the notice of appeal. Mass.R.A.P. 4, second par. 6A Moore's Federal Practice, par. 59.09[4] (2d ed. 1974). If the motion was not timely, the period within which the notice of appeal might have been filed as of right expired on July 7, 1977. See 9 Moore's Federal Practice, par. 204.12[2] (2d ed. 1975), and cases cited in 6A Moore's, par. 59.09[3] n.4. The time for filing the motion for new trial could not have been extended. Mass.R.Civ.P. 6(b), 365 Mass. 747 (1974).

Whether the motion for new trial was timely turns on the construction to be given Mass.R.Civ.P. 59(b). That rule reads: "Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of judgment." The language is identical to that of rule 59(b) of the Federal Rules of Civil Procedure. We therefore look to the construction given that rule by the Federal courts. *Rollins Environmental Serv. Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). *Martin* v. *Hall*, 369 Mass. 882, 884-885 (1976). *Westinghouse Elec. Supply Co.* v. *Healy Corp.*, *ante*, 43, 47 (1977).

Under Federal case law, a motion for a new trial under rule 59(b) is not timely unless it has been served on each

---

[1] In accordance with the usual practice of this court, the motion to dismiss was held without action for a ten-day period: seven days being the normal period for filing a response in opposition, Mass.R.A.P. 15(a), 365 Mass. 859 (1974), augmented by three days because the motion to dismiss had been served by mail. See Mass.R.A.P. 14(c), 365 Mass. 859 (1974). No response in opposition to the motion having been received within that period, the motion was submitted for disposition on the motion and supporting papers to a panel comprised of three Justices of the court. See G. L. c. 211A, § 3. A single justice of this court is without power to allow a motion to dismiss an appeal. See Mass.R.A.P. 15(c), 365 Mass. 860 (1974). There is nothing which prohibits his denying such a motion.

of the other parties within the ten-day period. *Reliance Life Ins. Co.* v. *Burgess,* 112 F. 2d 234, 240 (8th Cir.), cert. denied, 311 U. S. 699 (1940). *Sutherland* v. *Fitzgerald,* 291 F. 2d 846 (10th Cir. 1961). *Claybrook Drilling Co.* v. *Divanco, Inc.,* 336 F. 2d 697, 700 (10th Cir. 1964). *Sadowski* v. *Bombardier Ltd.,* 527 F. 2d 1132 (7th Cir. 1975). *Theiss* v. *Owens-Ill. Glass Co.,* 1 F.R.D. 175 (W.D. Pa. 1940). *Petersen* v. *Chicago, Great Western Ry.,* 3 F.R.D. 346, 347 (D. Neb.), aff'd 138 F. 2d 304 (8th Cir. 1943). *Mroz* v. *Dravo Corp.,* 293 F. Supp. 499, 507 (W.D. Pa. 1968). *Eulo* v. *Deval Aerodynamics, Inc.,* 47 F.R.D. 35, 41 (E.D. Pa. 1969). *McConnell* v. *United States,* 50 F.R.D. 499 (E.D. Tenn. 1970). 9 Moore's, par. 204.12[2], at 959. 6A Moore's, par. 59.09[1], at 59-199 n.22. 11 Wright & Miller, Federal Practice and Procedure § 2812, at 83 (1973). The motion is not required to be filed in court within the ten-day period. *Reliance Life Ins. Co.* v. *Burgess, Sadowski* v. *Bombardier Ltd., McConnell* v. *United States, Eulo* v. *Deval Aerodynamics, Inc.,* all *supra.* Contra, *Wagoner* v. *Fairview Consol. Sch. Dist. No. 5,* 289 F. 2d 480 (10th Cir. 1961). Rather, pursuant to Mass.R.Civ.P. 5(d), 365 Mass. 746 (1974), which reads identically in the Federal and Massachusetts Rules of Civil Procedure, the motion "shall be filed with the court either before service or within a reasonable time thereafter." *Claybrook Drilling Co.* v. *Divanco, Inc., supra. Sadowski* v. *Bombardier Ltd., supra,* at 1134-1135. The burden is upon the moving party to establish on the record that his motion for a new trial was timely served. *Mroz* v. *Dravo Corp., supra.* The finding by the probate judge in this case establishes the opposite.

Therefore, the motion for a new trial, although filed within ten days of the entry of judgment, was not timely because it was not served within that time. It follows that it did not stay the running of the time for filing the notice of appeal and that the notice of appeal was not filed within the thirty-day period allowed by Mass.R.A.P. 4. The appeal from the judgment must be dismissed.

We assume, without deciding, that the appeal filed on September 1, 1977, because filed within thirty days of the

denial of the motion for a new trial, can be given limited effect as an appeal from that denial. But the existence of such an appeal should not be permitted to delay further the termination of this litigation, because it is abundantly clear that the Probate Court was not required to, and indeed could not, act favorably on a tardily served motion for a new trial. *Principale* v. *Associated Gas & Elec. Co.,* 192 F. 2d 1016 (2d Cir. 1951), cert. denied, 343 U. S. 942 (1952). *MacNeil Bros. Co.* v. *Cohen,* 264 F. 2d 190, 193 (1st Cir. 1959). *Albers* v. *Gant,* 435 F. 2d 146 (5th Cir. 1970). *Martin* v. *Wainwright,* 469 F. 2d 1072 (5th Cir. 1972), cert. denied, 411 U. S. 909 (1973). 6A Moore's, par. 59.09[3]. 11 Wright & Miller, § 2812, at 83-85.

The appeal, in so far as it is from the judgment entered on June 7, 1977, is dismissed. Insofar as the appeal is from the order of August 11, 1977, denying the motion for a new trial, the entry will be, "Order affirmed."

*So ordered.*