WILLIAM L. DONNELLY *vs.* APPEALS COURT & others. January 18, 1980. This case began as a petition for relief in the nature of certiorari in the Supreme Judicial Court against the Appeals Court, the Superior Court, the Probate Court for the county of Middlesex, the clerk of the Appeals Court in his capacity as such, and the register of probate for Middlesex County. The petition appears to seek injunctive relief against implementation of an order of the Superior Court releasing certain funds from escrow to Donnelly's former wife. The petition was transferred to this court and denied by a single justice. Behind the petition lies Donnelly's objection to a decree of divorce entered May 25, 1973, and a custody order entered February 14, 1974. These actions have long since become final. Although the Supreme Judicial Court offered the appellant an

avenue of relief on May 16, 1974, he chose not to follow it and took an unsuccessful excursion to the United States District Court. In the meantime, the orders of the Probate Court became final and immune from collateral attack. No valid appeal could be entered. *Ullian* v. *Ullian*, 3 Mass. App. Ct. 729 (1975). The appellant has, thus, ignored the Massachusetts Rules of Civil Procedure, the Massachusetts Rules of Appellate Procedure, and orders of several courts. The petitioner cannot reopen matters fully litigated and beyond appeal and his efforts so to do are nothing more than an "effort to evade in an irregular manner" final decrees. *Bay State Cafe, Inc.* v. *Cohen*, 336 Mass. 758 (1957).

This case has long been over, and the petition was rightly dismissed.

*Judgment affirmed.*

The case was submitted on briefs.

*William L. Donnelly*, pro se.

*Francis X. Bellotti*, Attorney General, & *James A. Aloisi, Jr.*, Assistant Attorney General, for the defendants.