Ruma, J.
This is an action in contract in which the plaintiff seeks to recover monies due for goods specially manufactured and delivered to the defendant.
*135 The defendant denied the claim on the grounds that the goods were defective and not manufactured in accordance with the specifications of the parties’ agreement. The defendant also counterclaimed for breach of contract and alleged violations of G. L. C.93A.
The reported evidence indicates that the plaintiff specially manufactured 7,000 metal interlocks, as requested by the defendant, in the early part of 1982. These were accepted and paid for by the defendant. In June, 1982, the defendant ordered approximately 4,000 additional interlocks which are the subject of this dispute. Conflicting evidence was introduced at trial as to whether the defendant had provided new instructions and specifications for the June, 1982 order; whether the interlocks conformed to agreed plans and drawings; and whether the locks were actually defective. The plaintiff refused to accept the return of the specially manufactured interlocks and the defendant refused to tender payment for them.
The trial justice found, in relevant part, the interlocks were not defective and . .. the plaintiff is entitled to payment. The plaintiff manufactured only in accordance with the defendant’s instructions and was not given any additional plans or tolerances.
Judgment in the sum of $26,004.95 was entered for the plaintiff on September 18,1986. Judgment was entered on the same date for the plaintiff on the defendant’s counterclaim.
On September 19,1986, the defendant requested[2] the transfer of the action to the Superior Court Department for a trial de novo. The report states that plaintiff’s counsel advised the court and the defendant on September 23,1986 that the case was ineligible for transfer or appeal as the defendant had failed to request a jury trial at the time of the original entry.
On October 3,1986, the defendant filed motions for a new trial and to amend judgment. The plaintiff objected to these motions as having been untimely filed under Dist./Mun. Cts. R. Civ. P., Rule 59. The defendant then filed on October 17,1986 a “Motion to Waive the Ten Day Period” for filing its new trial motion. Said waiver motion, which was a de facto request for an extension of time, was denied on October 17,1986.
On October 27,1987, the defendant filed a draft report in which it claimed to be aggrieved by the court’s denial of certain requests for rulings submitted at trial and the court’s denial of its motion to Waive the Ten Day Period for Filing Motions for a New Trial and To Amend Judgment.
Rules 59(b) and (e) of the Dist./Mun. Cts. R. Civ. P. mandate that motions for a new trial and to alter or amend judgment “shall be served not later than 10 days after judgment.” As judgment was entered herein on September 18,1986 and the defendant’s Rule 59 motions were served no earlier than October 1, 1986, said motions were clearly untimely and could not have been allowed. See, generally, Locke v. Slater, 387 Mass. 682, 686 (1982); Galvin v. Welsh Mfgr. Co., 382 Mass. 340, 343 (1981); Carver v. Waldman, 21 Mass. App. Ct. 958, 959 (1986).
With respect to the defendant’s subsequent “Motion to Waive the Ten Day Period” for filing Rule 59 motions, it is essential to note that Dist./Mun. Cts. R. Civ. P., Rule 6(b) states, in pertinent part: “the court... may not extend the time for taking any action under Rules ... 59(b), (d) and (e)_”
The Reporters’ Notes to Rule 59 in fact state: “Because a motion under Rule *136 59(b) affects the finality of judgment and tolls the time for taking an appeal, the 10-day limit may not be enlarged by the court.”
As the prescribed ten day filing period for motions for new trials or to amend judgment may not be extended by a trial court, see e.g., Albano v. Bonanza International Develop. Co., 5 Mass. App. Ct. 692, 693-694 (1977), there was no error in the court’s denial of the defendant’s motion to waive the ten day period herein. The defendant’s ill-advised attempt to proceed to the Superior Court Department after judgment did not suspend the time for filing its Rule 59 post-judgment motions. Donnelly v. Appeals Ct., 9 Mass. App. Ct. 829, 829-830 (1980).
The propriety of the court’s denial of the defendant’s October 17, 1986 motion is dispositive of this appeal. As no error attended the denial of the defendant’s motion to waive the Rule 59 ten day filing period, a denial of the defendant’s untimely Rule 59 motions themselves was logically required. Further, the absence of a timely Rule 59 motion to toll the running of the ten day Dist./Mun.Cts. R. Civ. P., Rule 64(c) draft report filing period signified an effective termination of the defendant’s right to an appeal. See, e.g., Locke v. Slater, at 686. Judgment was entered herein on September 18,1986 and the defendant’s draft report was not filed until October 27,1986, more than five (5) weeks later. In any event, there is no merit to the defendant’s charge of error in the trial court’s denial of requests for rulings one and two which sought required findings for the defendant. The conflicting nature of the evidence reported to this Division compels the conclusion that the trial justice’s subsidiary and ultimate factual determinations in the plaintiffs favor were reasonably derived from, and amply supported by, the evidence adduced at trial.
Report dismissed.

 The docket is devoid of any reference to the defendant’s removal efforts, but efforts to transfer this case to the superior court department are duly noted in the report of the trial justice.