Ruma, J.
This is a petition to establish a draft report upon which no final action was taken by the trial justice within three months of filing as required by Dis./Mun. Cts. R. Civ. P., Rule 64(c) (5). See Hough v. City of Newton, 1985 Mass. App. Div. 8.
This action was commenced in four counts in the Superior Court Department to recover damages for the defendant’s alleged malicious prosecution, abuse of process, intentional infliction of emotional distress, and unfair and deceptive trade practices. The superior court allowed the defendant’s Mass. R. Civ. P., Rule 56 motion for summaryjudgment on count four for G.L. C.93A violations. The case was then transferred for trial on the remaining three counts to the Cambridge Division of the District .Court Department.
After trial, judgment was entered on February 20,1987, for the defendant on counts two and three for abuse of process and intentional infliction of emotional distress. Judgment was entered for the plaintiff on the first count for malicious prosecution and damages were assessed and ordered by the trial justice in the sum of $2,400.00 plus interest. The trial justice’s findings did not include an order for costs.
A subsequent docket entry for March 5,1987, states: “AMENDED JUDGMENT NUNC PRO'TUNC under rule 58 entered and notice sent March 10,1987.” This purported amended judgment added $207.15 in costs to the original judgment for the plaintiff and was signed by the trial court clerk-magistrate. Unlike the February 20, 1987, docket entry, the March .5, 1987, “Amended Judgment” notation did not refer to the trial justice or purport to be a judicial order.
The defendant filed a draft report on March 16,1987, twenty-four days after entry of judgment upon the trial justice’s findings.
A petition to establish a draft report is simply a procedural device designed to secure this Division’s consideration and approval of the draft version of a trial record submitted by the aggrieved party. As the establishment of a record would be a futile exercise in those cases wherein the aggrieved party failed to preserve his rights to appellate review, logic dictates the necessity of an initial inquiry into that party’s entitlement to an appeal. In the case at bar, the dispositive issue is whether the defendant adhered to the time strictures of Dist./Mun. Cts. R. Civ. P., Rule 64 in instituting this appeal.
Rule 64 (c) (1) (ii) of the Dist./Mun. Cts. R. Civ. P. mandates the filing of a draft report within ten days of the entry of judgment. Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25; Gordon v. Pantos Canvas Corp., 1983 Mass. App. Div. 26, 27. Judgment, as ordered by the trial justice in this case, was entered *214 on February 20, 1987. The time for submitting a draft report thus expired herein on March 4,1987, twelve days before the defendant’s filing of his March 16, 1987 draft report.
A new ten day period did not begin to run from the date of the purported “amended judgment” of March 5,1987. The reason is that such “judgment” is a nullity. General authority for the correction or amendment of district court judgments maybe found in Rules 52(b), 59 and 60 of the Dist./Mun. Cts. R. Civ. P. The power to correct or amend judgment entered u'pon trial court findings rests with the trialjustice. There is no indication herein that the March 5,1987, alteration of the trial justice’s findings to include costs was ordered or approved by the trialjustice. Worsnop v. Texaco, Inc., 386 Mass. 1005, 1006 (1982). Judgments cannot be materially amended by the unilateral action of a trial court clerk.
, Moreover, even assuming arguendo that the trialjustice had acted herein, a March 5, 1987, amendment of the February 20, 1987, judgment would have been untimely. The docket discloses no motion to amend by the defendant pursuant to Rule 52(b) or 59(e).[1] Sua sponte action by the trial justice to amend judgment could have been taken pursuant to Rule 52(b) or 59 only within ten days of the February 20, 1987 entry.[2]
As the defendant failed to file a draft report within ten days of the court’s February 20, 1987, judgment in compliance with Rule 64(c) (1) (ii), the defendánteffectivelyforfeited anyrightto an appeal. A petition to establish an untimely draft report must be denied. Canty v. Canty, 1983 Mass. App. Div. 171, 171-172; Marquis v. Galasti, 1982 Mass. App. Div. 218, 219.
Accordingly, the defendant’s petition to establish a draft report is denied. The docket is to be corrected by deleting-the March-5, 1987, entry of an “amended judgment.” The trial court’s judgment of February 20, 1987, is affirmed.

 A motion pursuant to these rules must be served no later than ten days after entry of judgment, but may be filed within a reasonable time thereafter. See, e.g., Albano v. Bonanza International Develop. Co., 5 Mass. App. Ct. 692, 694 (1977). Although Rule 60(a) accords a trial justice a “reasonable time” after judgment within which to correct sua sponte a simple clerical error, the addition of costs to a judgment would not appear to be a type of substantive amendment cognizable under this rule. Klass v. Wirtz, 354 Mass. 246, 247 (1968). Cf. as to interest and Rule 60(a), Frank D. Wayne Assoc. v. Lussier, 394 Mass. 619 (1985).

 Rule 52(b) of the Dist./Mun. Cts. R. Civ. P. expresslystates in relevantpart: “upon its own initiative not later than 10 days after entry of judgment, the court may amend its findings . . . and may amend the judgment accordingly [emphasis supplied].” Rule 59(d) restricts action upon the court’s own. initiative to the same ten day period.