Forte, J.
This is an action in tort for personal injuries allegedly sustained by the plaintiff-passenger in a motor vehicle accident.
There was evidence to warrant a finding that defendant Michael Brown, while driving a vehicle owned by defendant Hertz Corporation, negligently collided with a light pole. Conflicting evidence was presented as to the cause of the plaintiff's injuries. There was evidence to warrant a finding that the plaintiff sustained his injuries and other damages in the motor vehicle accident as a passenger in Brown's car. There was also evidence to warrant a finding that the plaintiff sustained his injuries while out walking, independently of the auto accident.
At the close of the evidence, the plaintiff filed sixteen (16) requests for rulings of law that the evidence warranted a finding that he was injured in the motor vehicle accident and that various damages resulted from such accident.
*40 The trial judge denied each of these warrant requests and entered a general finding for the defendants. No subsidiary findings of fact were made by the trial judge. Judgment was entered for the defendants on November 28,1988.
On December 6,1988, the plaintiff filed a timely draft report alleging error in the judge's denial of the plaintiff's warrant requests.
On January24,1989, the defendants filed a “Motion to Clarify the Judge's Rulings on the Plaintiff's Requests for Rulings” and the motion was allowed the same day.
On February 6,1989, the trial judge changed his rulings on each of the plaintiff's warrant requests from “Denied” to “Allowed. I do not so find. See #3 above.” Plaintiff's request for ruling number 3 and the court's amended disposition of the same were as follows:
3. The evidence warrants a finding that the fair and reasonable charges for medical services rendered to the plaintiff as a result of the accident exceeded $500.00.
Allowed. However, on all of the evidence I find that the plaintiff was not injured in the automobile accident and that the injuries suffered occurred in an undetermined fashion subsequent to the auto accident and after plaintiff had left the car.
The plaintiff now claims to be aggrieved by the court's (1) allowance of the defendant's Motion to Clarify, (2) untimely amendment of its rulings on plaintiff's requests and (3) erroneous, initial denial of plaintiff's requests.
The defendants' “Motion to Clarify” requested the trial court to both alter its original denial of the plaintiff's warrant requests and make subsidiary findings of fact in conjunction with the court's new rulings. Despite its caption, the defendants' “Motion to Clarify” was thus,in substance, a Dist./Mun. Cts. R. Civ. P , Rule 52(b) motion to amend findings. See Freitas v. Freitas, 26 Mass. App. Ct. 196, 200 n.5 (1985). A Rule 52 (b) motion, or a comparable Rule 59 (e) motion, must be made no later than ten days after entry of judgment. Scroczynski v. Shell Oil Co., 394 Mass. 222, 224 (1985); Lock v. Slater, 387 Mass. 682, 686 (1982); Carver v. Waldman, 21 Mass. App. Ct. 958, 959 (1985). The defendants' motion, however, was filed sixty-seven daysafterjudgmentThetimeprescribed forfilingmotionspursuantto Rules 52(b) or 59(e) may not be enlarged by the court. Dist/Mun. Cts. R. Civ. P., Rule 6 (b). See also, Albano v. Bonanza Internat'l Develop Co., 5 Mass. App. Ct. 692, 693-694 (1977); Wilmington Fabricators, Inc. v. Jackson Millwork, 1987 Mass. App. Div. 134, 135. The defendants' motion to clarify should, therefore, have been denied as untimely.
The trial court's February 6, 1989 amendment of its rulings and issuance of findings of fact, even ifviewed as sua sponte action, was also untimely. Atrial justice is authorized to amend findings sua sponte only within ten days of the entry of judgment. Dist./Mun. Cts. R. Civ. P., Rule 52(b). See also, Patrick v. Opert, 1987 Mass. App. Div. 213, 214. As the court's Rule 52 (b) authority had expired sixty days before the amendment of its findings and rulings, such amendment must be vacated. “Rules of court have the force of law and may not be disregarded by an individual judge.” Empire Apts. Inc. v. Gray, 353 Mass. 333, 337 (1967). See also, Kaufman v. Buckley, 285 Mass. 83, 86 (1933).
As the court's amended findings and rulings of February 6,1989 were a nullity, the disposition of this appeal hinges upon the propriety of the court's original, unexplained denial of the plaintiff's requests for rulings of law. The defendants concede that the plaintiff's requests that the evidence warranted findings in the plaintiff's favor on issues of causation and resulting damage should have been allowed. We hold thatin the absence of subsidiary findings of feet, the court's denial of the plaintiff's “warrant” requests was error. DiGesse v. Columbia Pontiac, 369 Mass. 99 (1975); Bresnick v. Heath, 292 Mass. 293 (1935).
Itis elementary that the purpose of Dist./Mun. Cts. R Civ. P., Rule 64(b) requests for rulings is to separate the trial court's rulings of law from its findings of fact. Graustein v. Dolan, 262 Mass. 579, 583 (1933). The plaintiff's “warrant” requests *41 herein sought rulings that the evidence was sufficient to support a finding in the plaintiffs favor. The plaintiff was entitled to such a ruling or to a statement of the facts found by the trial judge which showed that the rulings had become irrelevant Had the judge originally made a finding of fact that the plaintiff was not injured in the auto accident, it would have “rendered immaterial a ruling of law as to the sufficiency of the evidence to warrant a contrary finding and justified a denial” of the requests at issue. Perry v. Hanover, 314 Mass. 167, 175 (1943). No such finding was made.
The report indicates that there was evidence at trial to warrant findings in the plaintiffs favor that his injuries and resulting damages were caused by the motor vehicle accident. In view of this evidence, the court's unexplained denial of the plaintiffs “warrant” requests and its judgment for the defendants could have resulted from a disbelief of material evidence, from an erroneous view that such evidence was insufficient to support a finding for the plaintiff, or from an incorrect application of the controlling principles of law to this case. Bresnick v. Heath, supra at 298-299. In the absence of findings of fact, the legal propriety of the court's judgment in this case cannot, therefore, be determined with any certainty. A new trial is in order.
Accordingly, the trial court's judgmentfor the defendants is hereby vacated. The case is remanded to the Cambridge Division for a new trial on all issues. So ordered.