ARTHUR D. LITTLE, INC. *vs.* EAST CAMBRIDGE SAVINGS
BANK (and a companion case[1]).

Nos. 92-P-39 & 92-P-419.

Suffolk. May 10, 1993. - January 13, 1994.

Present: SMITH, KAPLAN, & GREENBERG, JJ.

*Practice, Civil*, Trustee process, Entry of judgment, Amendment, Relief
from judgment. *Res Judicata. Trustee Process. Judgment*, Preclusive
effect, Relief from judgment. *Rules of Civil Procedure. Consumer Pro-
tection Act*, Bank, Availability of remedy.

This court expressed the view that, upon allowance of a motion to charge
the trustee in a trustee process action, a separate document entitled
"judgment" should be prepared and entered on the docket. [738-739]
In a proceeding under G. L. c. 246, § 45, to enforce an execution against a
bank, issued in a trustee process action, principles of issue preclusion
were applicable to bar relitigation of the issues of fact and law deter-
mined in the trustee process action, and summary judgment was prop-
erly granted to the plaintiff in the § 45 proceeding. [739-740]
In a trustee process action, the trustee's late motion to amend its answer
was "undue[ly] delay[ed]" within the meaning of Mass.R.Civ.P. 15,
and the judge properly denied it [740-742]; the trustee's late-filed "mo-
tion for relief from judgment or order" pursuant to Mass.R.Civ.P.
60(b) was also properly denied [742].
In a civil action, a motion to alter or amend the judgment was correctly
denied for failure of the moving party to comply with the service and
filing requirements of Rule 9A of the Superior Court. [742-743]
In a proceeding under G. L. c. 246, § 45, to enforce an execution against a
trustee, where the only contact between the plaintiff and the trustee
had occurred in the underlying trustee process action, no commercial
relationship existed  on which the plaintiff could base a further claim
that the trustee had violated G. L. c. 93A. [743]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 8, 1988.

---

[1]Arthur D. Little, Inc. *vs.* Adnan International Marketing, Inc.

The case was heard by *John L. Murphy*, J., on a motion for partial summary judgment, and the trustee's motion for relief from judgment was heard by *Barbara J. Rouse*, J.

CIVIL ACTION commenced in the Superior Court Department on May 14, 1990.

The case was heard by *Robert Malcolm Graham*, J., on a motion for summary judgment.

*David J. Brody* for the plaintiff.

*Leonard M. Frisoli, Jr.*, for East Cambridge Savings Bank.

GREENBERG, J. Nearly eight months after the plaintiff, Arthur D. Little, Inc. (A.D.L.), brought an action in contract commenced by trustee process, Mass.R.Civ.P. 4.2, 365 Mass. 740 (1974), the trustee, East Cambridge Savings Bank (bank), attempted to amend its answer to indicate that the funds it held subject to the trustee attachment were encumbered by notes payable to the bank. The bank had initially filed an answer admitting it was holding substantial funds on behalf of the defendant in the contract action, Adnan International Marketing Inc. (Adnan), but not indicating that the funds were encumbered. On appeal, the bank argues that it should have been allowed to amend its original answer and that the order charging the trustee did not preclude the bank from raising issues litigated in the trustee process proceeding in a subsequent enforcement action under G. L. c. 246, § 45. There is also a threshold question concerning the finality of the trustee process order. Finally, issues concerning the applicability of Rule 9A of the Superior Court, as amended, effective March 1, 1992, to postjudgment motions and the validity of a G. L. c. 93A, § 11, claim are also considered.[2]

The facts are not in dispute. A.D.L. operates a research and consulting company in Cambridge. A.D.L. filed its complaint in the Superior Court on June 8, 1988, claiming a breach of contract by Adnan. On A.D.L.'s motion, the bank was brought into the case and ordered to answer as trustee of

---

[2]All remaining issues raised by the parties not otherwise discussed in this opinion are without merit.

Adnan's funds. At the time of the filing of the bank's answer, June 15, 1988, Adnan had on deposit with the bank a balance of $254,988.58. The bank's answer, signed under the pains and penalties of perjury, confirmed that amount.

No further change in the situation took place before February 1, 1989. Then, the bank adopted a "now you see it, now you don't" position. It moved to amend its original answer to reflect that nearly all of the funds held in Adnan's accounts were pledged to secure an indebtedness evidenced by two notes from Adnan to the bank. When the notes had matured on August 4, 1988, and Adnan had failed to pay them on demand, the bank exercised its right to apply the balance in Adnan's account toward payment of the notes. The bank's set-off reduced the amount available to satisfy A.D.L.'s judgment to $5,695. A.D.L. vigorously opposed the bank's motion to amend its answer, and the judge denied the request; the answer remained in its original form.

A.D.L. continued to pursue its case against Adnan and on September 13, 1989, a final judgment was entered against Adnan in excess of $100,000. In due course, A.D.L. moved that the bank, as trustee, be charged for the $100,000. On October 4, 1989, the judge allowed A.D.L.'s motion and entered an order to that effect, but no separate document bearing the notation of "judgment" was ever entered against the bank pursuant to Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977). Aggrieved, the bank filed a flurry of motions to alter the situation, all of which were denied. Execution issued on the motion to charge in the amount of $100,000 and was served upon the bank on November 21, 1989; the bank, however, tendered only $6,477 to the sheriff. In December, 1989, the bank moved to file a late notice of appeal from the court's October 4, 1989, allowance of the motion to charge. The bank's motion was denied and that action lay dormant until the summer of 1991.

Meanwhile, rebuffed by the bank's tender of a check for $6,477, A.D.L. commenced a second proceeding pursuant to

35 Mass. App. Ct. 734     737

Arthur D. Little, Inc. *v*. East Cambridge Savings Bank.

G. L. c. 246, § 45 (§ 45 proceeding),[3] to enforce its execution. In this case, A.D.L. moved for summary judgment against the bank on the basis that all the defenses raised by the bank had already been decided in the prior action charging the bank as trustee (the trustee process action). In addition, A.D.L. claimed that the bank's stonewalling tactics amounted to a violation of G. L. c. 93A, § 11. The bank opposed A.D.L.'s summary judgment motion. Because the judge concluded that the trustee process action had preclusive effect, he found for A.D.L. on the § 45 issues. As to the G. L. c. 93A, § 11, claim, he ruled that the statute did not extend to parties involved in a trustee attachment dispute. From the decision adverse to it, each party appeals.

After the notices of appeal were filed in the § 45 proceeding, the bank moved for relief from judgment pursuant to Mass.R.Civ.P. 60(b)(6), 365 Mass. 829 (1974), in the original trustee process action. Specifically, the bank sought relief from the execution issued against it in the trustee process action, arguing that justice had not been served. The motion was denied and the bank filed a timely notice of appeal. The bank also appeals from the denial in the trustee process action of its motion to amend its answer and its motion to alter or amend the judgment pursuant to Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974).[4] The appeals from the § 45 proceed-

---

[3]General Laws c. 246, § 45, as amended by St. 1975, c. 377, § 139, reads: "If a person adjudged a trustee does not, upon demand, pay over to the officer goods, effects or credits sufficient to satisfy the execution and if the execution is not otherwise satisfied, the plaintiff may commence an action in the court in which the judgment was rendered to have the original judgment, or the amount remaining unsatisfied, satisfied from the goods and estate of the trustee or trustees. Such an action may be commenced at any time after thirty days from the date of judgment."

[4]Although the bank failed to file timely notices of appeal from the denial of its motions in the trustee process action, we will not foreclose its appeal because the court below failed to properly file and docket a final judgment against the bank. See *Krupp* v. *Gulf Oil Corp.*, 29 Mass. App. Ct. 116, 121 (1990), and cases cited; *Jones* v. *Manns*, 33 Mass. App. Ct. 485, 493 (1992) (appeal will not be foreclosed when the court has contributed to the failure to take an appeal by not following the prescribed procedures for entry of judgment).

ing and the trustee process action were consolidated by order of this court.

1. *Threshold issue.* The tortured procedural history and awkward appellate posture of this case might have been avoided simply by compliance with the rules regarding entry of final judgment. Mass.R.Civ.P. 58(a), 365 Mass. 831 (1974), and 79(a), 365 Mass. 839-840 (1974).[5] See *Chittenden Trust Co.* v. *Levitt*, 26 Mass. App. Ct. 208, 210-211 & n.2 (1988).

In the instant case, final judgment on the underlying action between A.D.L. and Adnan entered on September 13, 1989. The plaintiff's motion to charge the bank as trustee contains the judge's handwritten notation in the margin indicating that he granted the motion on October 4, 1989. An execution issued against the bank on November 7, 1989. No separate document complying with rule 58(a), however, was ever prepared or filed as to the bank, nor were the docket entry requirements of rule 79(a) followed. Compare *Lewis* v. *Emerson*, 391 Mass. 517, 519-520 (1984) (separate document requirement met where "judgment" portion of findings and rulings was visually distinct); *Brown* v. *Quinn*, 27 Mass. App. Ct. 288, 289-290 (1989) (judge's findings of fact and entry of judgment on docket satisfy requirements of entry of judgment). As a result, the bank has been unable to determine, when, if at all, a judgment was entered against it.

Inability to determine when judgment was entered is the kind of confusion that rules 58(a) and 79(a) were meant to avoid. *Chittenden Trust Co.* v. *Levitt, supra* at 211. The trustee is a separate party to the proceedings and may incur a potential loss of rights. Therefore the bank, as trustee,

---

[5]Rule 58(a) of the Massachusetts Rules of Civil Procedure states in pertinent part: "Every judgment shall be set forth on a separate document . . . . A judgment is effective only when so set forth or filed and when entered as provided in Rule 79(a)." Rule 79(a) states that "[t]he clerk shall keep the civil docket and shall enter therein each civil action to which these rules are made applicable. . . . These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court. . . . The entry of an order or judgment shall show the date the entry is made."

needs to be informed of the date final judgment was entered in order to take appropriate postjudgment action. In addition, much of the procedural confusion, not to mention the substantive issue concerning the application of issue preclusion, would have been resolved if appropriate procedures under rules 58(a) and 79(a) had been followed. In light of these considerations, the preferred practice is that, upon the allowance of the motion to charge the trustee, a separate document entitled "judgment" should be prepared and entered on the docket.

2. *Applicability of issue preclusion.* The fact that a final judgment complying with rules 58(a) and 79(a) was not entered in the trustee process action is not, by itself, sufficient to bar the application of issue preclusion in the subsequent § 45 proceeding. *Tausevich* v. *Board of Appeals of Stoughton*, 402 Mass. 146, 148 (1988). Cf. *Olsen* v. *Olsen*, 294 Mass. 507, 508 (1936). Such a judgment "may be 'final' for purposes of issue preclusion if the earlier adjudication was 'sufficiently firm to be accorded conclusive effect.' " *Tausevich* v. *Board of Appeals of Stoughton*, *supra* at 148-149, quoting from Restatement (Second) of Judgments § 13 (1982). In *Tausevich*, the court looked to comment g of the Restatement of Judgments and delineated the relevant factors to be considered. Those factors are whether (1) the parties had an opportunity to be fully heard; (2) the judge's decision is supported by a reasoned opinion; and (3) the earlier opinion was subject to review or was in fact reviewed. *Ibid.* See also Restatement (Second) of Judgment § 13, comment g (1982). " 'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Tausevich* v. *Board of Appeals of Stoughton*, *supra* at 149, quoting from *Lummus Co.* v *Commonwealth Oil Ref. Co.*, 297 F.2d 80, 89 (2d Cir. 1961), cert. denied, 368 U.S. 986 (1962). To apply a stricter interpretation can lead to a "needless duplication of effort and expense." Restatement (Second) of Judgments

§ 13, comment g (1982). Cf. *Levy* v. *Bendetson*, 6 Mass. App. Ct. 558, 561-562 (1978).

There is no good reason to permit the issues determined in the trustee process action to be litigated again in the § 45 proceeding. The parties had ample opportunity to be heard concerning their substantive claims in the trustee process action. The factors of the *Tausevich* test are satisfied except for the second. As to that factor, the "[j]ustification for the judge's action appears in the record before us," *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 291 & n.2 (1977), and, therefore, the need for a reasoned opinion is here obviated by that record.

Accordingly, all issues of fact or law determined in the trustee process proceeding, which were essential to the judgment, are conclusive in any subsequent action between the parties, whether on the same or different claim. See *Microwave Antenna Sys. Technology, Inc.* v. *Whitney-Pehl Constr. Co.*, 23 Mass. App. Ct. 25, 29 (1986). As all issues raised as defenses by the bank in the § 45 proceeding were raised, litigated and determined in the trustee process action, it follows that summary judgment was properly granted to A.D.L. in the § 45 proceeding.

3. *Denial of the bank's motions in the trustee process action.* While the maintenance of the docket of the case is unsatisfactory, as noted in section 1, there is no question that the bank received the court's decision and proceeded to deal with the case by means of postjudgment motions and appeal. Despite the absence of a judgment, and in line with our prior practice, we comment now on the principal issues raised regarding the trustee process action. *Selectmen of Braintree* v. *County Commrs. of Norfolk*, 399 Mass. 507, 508 (1987). *Levy* v. *Bendetson*, 6 Mass. App. Ct. at 561-562. See also note 4, *supra.*

(a) *Motion to amend.* The bank contends that the judge was out of bounds in refusing to allow an amendment of its "trustee answer." We conclude that the judge acted within the boundaries of his discretion. The bank failed to comply with Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), which per-

mits such an amendment as a matter of right when the motion is filed within twenty days of service of the original pleading. Operationally, the rule would be defanged if the bank were permitted, as a matter of right, to amend its answer long after the expiration of that deadline. Accordingly, the bank was free to amend its answer only by leave of court or by consent of the adverse party. *Lexington* v. *Bedford*, 378 Mass. 562, 567 n.4 (1979).

In urging that the bank's motion to amend its answer was fatally out of time, A.D.L. relies heavily on Mass.R.Civ.P. 15(a), as explained in *Murphy* v. *I.S.K.Con. of New England, Inc.*, 409 Mass. 842, 864, cert. denied, 502 U.S. 865 (1991). See *Hovey* v. *Crane*, 12 Pick. 166, 167 (1831). Under rule 15, reasons for denial of a motion to amend include "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. at 289-290, quoting from *Foman* v. *Davis*, 371 U.S. 178, 182 (1962).

Although the better practice would be for the judge to state his reasons for denial of the motion, "[j]ustification for the judge's action appears in the record before us." *Castellucci, supra* at 291 & n.2. If the amendment were allowed, A.D.L. would become the victim of the prejudice against which rule 15 advises. The bank's original response indicated that it held ample funds of the defendant, Adnan, without contingency. Assuming these funds were "captured" for its benefit, A.D.L. continued its litigation against Adnan, thereby incurring substantial legal expenses. Without security for the satisfaction of an eventual judgment, the incentive to pursue the case would not be so great. There is no justification for the bank's belated attempt to outflank A.D.L.'s attachment of Adnan's assets.

Additionally, the bank's failure to move to amend its answer until almost six months after its unilateral set-off of these funds to secure its own position constitutes undue de-

lay. See *Parkman Equip. Corp. v. S.A.S. Equip. Co.*, 14 Mass. App. Ct. 938, 940 (1982). The bank had the information regarding the funds owed to it by the defendant, Adnan, when it filed the original answer. The bank neglected to include this information, and should not benefit from its omission, nor should A.D.L. be harmed by the delay. We see no reason, therefore, to find that the judge abused his discretion in denying the motion to amend the answer.

(b) *Motion for relief from judgment.* After judgment entered against it in the § 45 proceeding, the bank filed a "motion for relief from judgment or order" pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), in the then dormant trustee process action. While the late filing of this motion may, at least in part, be excused by the Superior Court's failure to enter final judgment, the motion raises no new issues which require any additional discussion on appeal.

4. *Denial of the bank's motion to alter or amend the judgment in the § 45 proceeding.* The bank filed two motions to alter or amend the judgment, pursuant to Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974), in the § 45 proceeding. The first, filed after the judge issued his memorandum of decision on the summary judgment motion but before final judgment entered, was denied as premature. The second, filed after judgment entered, was denied by the judge for the bank's failure to comply with Rule 9A of the Superior Court, as amended, effective March 1, 1992.

The bank argues that its motion was improperly denied because the rule 9A service and filing requirements[6] conflict with rule 59(e), which, the bank claims, requires that a motion to alter or amend be served *and* filed within ten days of entry of judgment. By its terms, however, rule 59(e) requires

---

[6]Rule 9A requires that motions be served on the opposing party prior to filing with the clerk's office. After service, the opposing party has ten days within which to serve its response on the moving party. Only after the moving party has received the opposition's response may it file its motion with the clerk's office. If the moving party does not receive a response from the opposing party within ten days, it must wait an additional three days before it may file its motion as unopposed.

only that the motion be served within ten days.[7] We have construed the term "served" in the context of the nearly identically worded Mass.R.Civ.P. 59(b), 365 Mass. 827 (1974), to mean service upon the opposing party within the ten-day period; filing may occur later. *Albano* v. *Bonanza Intl. Dev. Co.*, 5 Mass. App. Ct. 692, 693-694 (1977). See Smith & Zobel, Rules Practice § 59.11 (1977). As rule 59(e) merely requires service upon the opposing party within ten days of judgment, it does not conflict with rule 9A. Accordingly, the trial judge appropriately denied the bank's motion to alter or amend the judgment for failure to comply with Superior Court Rule 9A. In any event, the bank's arguments in support of its motion have no merit in light of the reasoning of this court in parts one and two of this opinion.

5. *A.D.L.'s c. 93A claim.* A.D.L. appeals from the Superior Court judge's grant of summary judgment to the bank on A.D.L.'s claim that the bank's conduct violated G. L. c. 93A, § 11. The Superior Court judge correctly determined that the acts complained of did not occur while the parties were engaged in the conduct of trade or commerce. To violate c. 93A, § 2, the acts or practices complained of must be "perpetrated in a business context." *Lantner* v. *Carson*, 374 Mass. 606, 611 (1978). No commercial relationship ever existed between the parties; their only contact occurred in the context of this litigation. Contrast *Schubach* v. *Household Fin. Corp.*, 375 Mass. 133 (1978); *Dahlborg* v. *Middleborough Trust Co.*, 16 Mass. App. Ct. 481 (1983). Accordingly, the Superior Court judge properly granted summary judgment to the bank on A.D.L.'s 93A claim.

6. *Conclusion.* In the trustee process action, the order allowing the plaintiff's motion to charge the trustee and the order denying the trustee's motion for relief from judgment

---

[7]Although the reporters' notes to rule 59(e) indicate that a motion to alter or amend must be "filed within 10 days of entry of judgment," Reporters' Notes to Mass.R.Civ.P. 59(e), Mass. Ann. Laws, Rules of Civ. P. at 560 (Law. Co-op. 1982), the unambiguous language of the rule, which requires only that service be made within ten days, is controlling.

are affirmed. In the action pursuant to G. L. c. 246, § 45, the judgment is affirmed.

*So ordered.*