Kern, Leila R., J.
Before this court is Fideliiy CoOperative Bank’s motion seeking relief from judgment pursuant to Mass.R.Civ.P. 60(b), or in the alternative leave to file an amended trustee answer pursuant to Mass.R.Civ.P. 15(a). For the reasons stated below, Fidelity’s motion is DENIED.
BACKGROUND
Prior to the end of July 2007, Fidelity was summonsed as the trustee of Chuck Laverty & Sons Plumbing and Heating, Inc. In response, Fidelity filed a trustee answer on July 26,2007, stating “at the time of the service of the summons upon said trustee [Fidelity] had in its possession goods, effects and credits in the amount of $40,000.00.” Answer of Trustee. Then on October 30, 2008, more than fifteen months later, Fidelity filed a motion seeking leave to amend its answer due to excusable neglect. In this motion, Fidelity states that the lending department rather than the operations department should have responded to the trustee summons. Fidelity argues that at the time the initial answer was filed it “in fact, had a pre-existing security agreement to [those] funds, which was in existence prior to the Trustee Process ever being filed.”[2] Aff. of Billy Macapulay, par. 7. For this reason, Fidelity claims that its initial answer “should have been that [it] was holding no funds that would have been subject to the Trustee Process.” Id. at par. 8.
DISCUSSION
A. Motion to Amend Trustee Answer
Pursuant to Mass.R.Civ.P. 4.2(d) and G.L.c. 246, §10 (2004 ed. & 2009 Supp.) unless otherwise directed by the court, a trustee shall file, but need not serve, its answer within twenty days after service of the trustee summons has been made upon the trustee. The trustee’s answer “shall disclose plainly, fully, and particularly what goods, effects, or credits, if any, of the [defendant-in-counterclaim] were in the hands or possession of the trustee when the trustee summons was served upon him.” Mass.R.Civ.P. 4.2(d). After the trustee has filed its answer, the proceedings are governed by the Massachusetts Rules of Civil Procedure. Id.; see also Arthur D. Little, Inc. v. East Cambridge Sav. Bank, 35 Mass.App.Ct. 734, 740-41 (1994).
*442 The manner in which a party may amend a pleading is governed by Mass.R.Civ.P. 15(a), which provides in pertinent part:
A party may amend his pleading once as a matter of course at any time before a responsive pleading is served and prior to entry of an order of dismissal or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
Although leave to amend under Rule 15(a) should be freely given when justice so requires, a motion for leave to amend may be denied when there is good reason to do so. Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 289 (1977). In Castellucci the Supreme Judicial Court provided the following non-exhaustive list of reasons justifying the denial of a motion to amend: “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of [the] amendment.” Id. at 290, quoting Foman v. Davis, 371 U.S. 178, 182 (1962).
Of the reasons listed in Castellucci this court finds the following two factors most compelling: the undue prejudice to LaChance Financial Services, Inc. if Fidelity were allowed to amend its answer and Fidelity’s undue delay in seeking leave to amend its answer.
With respect to “undue prejudice,” Fidelity’s initial answer indicated that it possessed $40,000.00 worth of Laverty & Sons goods, effects and/or credits, which undoubtably factored into LaChance’s decision to pursue its counterclaim against Laverty & Sons. See Arthur D. Little, Inc., 35 Mass.App.Ct. at 741 (denying motion to amend trustee answer where trustee neither possessed nor controlled the funds indicated in its initial answer because of undue prejudice). If Fidelity were allowed leave to amend its answer, LaChance “would become the victim of the prejudice against which rule 15 advises.” Id.
Next, as to “undue delay,” Fidelity did not file its motion to amend its answer in a timely fashion. Fidelity’s initial answer was filed on July 26, 2007, yet its motion to amend was not filed until October 30, 2008, more than fifteen months after the filing of its initial answer. See id. at 742 (holding trustee’s six-month delay in seeking to amend its answer after its unilateral set-off of the funds constituted undue delay). This fifteen-month delay constitutes the type of undue delay Rule 15(a) intended to protect against. Id. at 742. Fidelity possessed the Security Agreement Laverty & Sons executed in favor of Fidelity at the time it filed its initial answer, and yet Fidelity still failed to state “plainly, fully and particularly” in its initial answer that because of the Security Agreement it possessed no “goods, effects, or credits” of Laverty & Sons.
B. Motion for Relief from Judgment
Pursuant to MassR.Civ.P. 60(b)(1), a party may be relieved from a final judgment, order, or proceeding for “mistake, inadvertence, surprise, or excusable neglect . . .”[3] In Berube v. McKesson Wine & Spirits Co., the Appeals Court announced the factors to be considered by a court when determining whether relief from judgment should be granted due to excusable neglect. 7 Mass.App.Ct. 426, 430-31 (1979). The factors are as follows:
(1) whether the offending party has acted promptly after entiy of judgment to assert his claim for relief therefrom: (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revised has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself. ..

Id.

Despite Fidelity’s prompt seeking of relief from the entry of final judgment, and the fact that neither Fidelity nor its legal representative deliberately chose to file an inaccurate answer, the factors when viewed in then-entirety favor denying Fidelity’s motion for relief from judgment. Fidelity’s claim, that it be allowed to amend its trustee answer to state that Fidelity does not have any “goods, effects, or credits” of Laverty and Sons lacks merit. The manner by which it attempts to amend its answer does not conform with the requirements of Mass.RCiv.P. 15(a). Furthermore, any negligent behavior was based solely upon the actions of Fidelity, not its legal representatives. Most importantly, granting Fidelity-relief from the final judgment entered against it would greatly prejudice LaChance. LaChance determined its litigation strategy based on Fidelity’s initial answer.
To the extent Fidelity relies upon Mass.R.Civ.P. 60(b) for relief, this court reads Arthur D. Little, Inc., as foreclosing Fidelity’s argument that excusable neglect justifies relief in this case. See 35 Mass.App.Ct. at 742 (stating that trustee’s motion for relief from judgment or order failed to raise any issues not already addressed by its motion to amend).
ORDER
For the above mentioned reasons, Fidelity’s motion for relief from judgment, or in the alternative leave to file an amended answer is DENIED. Fidelity is hereby ORDERED to pay LaChance $40,000.00, with interest.[4]

Laverty & Sons executed a Security Agreement in favor of Fidelity on December 16, 2005.

Since relief for both mistake and inadvertence each require that it be excusable, this court includes both within its analysis of excusable neglect. See James W. Smith & Hiller B. Zobel, 7 Massachusetts Practice Series §§60.4, 60.5 (2007 ed.).

If Fidelity fails to pay LaChance within thirty days of the date of this order, this court shall declare Fidelity in contempt of court with the appropriate consequences.