**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIE HARRINGTON,

     Plaintiff - Appellant,

v.

OZARK WAFFLE, L.L.C.,

     Defendant - Appellee.

No. 17-1430
(D.C. No. 1:16-CV-01236-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.[**]
_____

Plaintiff-Appellant Willie Harrington sued Defendant-Appellee Ozark Waffles,

L.L.C. ("Ozark") in state court alleging employment discrimination. Construing the

claim as based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*,

Ozark removed the case to federal district court. Based on Mr. Harrington's failure to

prosecute, the district court dismissed the case with prejudice under Federal Rules of

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Civil Procedure 37(b) and 41(b) and denied Mr. Harrington's motion under Rule 60(b) to vacate the judgment.[1]  Mr. Harrington appears to attempt to appeal both orders.[2]

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of this case with prejudice, and we dismiss the appeal of the district court's denial of the Rule 60(b) motion for lack of jurisdiction.

## I.  BACKGROUND

Mr. Harrington filed his complaint in state court in April 2016.  After removal, the federal district court set a status conference for August 11, 2016.  Mr. Harrington failed to appear.  The court set another status conference for August 25, 2016.  He failed to appear again.  Mr. Harrington finally attended a status conference on November 1, 2016, and a scheduling conference on December 14, at which the court set various deadlines, including a discovery cut-off of May 15, 2017.  Mr. Harrington refused to respond to discovery requests and did not otherwise participate in the litigation.

On August 7, 2017, the court ordered Mr. Harrington to pay attorney fees for his failure to respond to discovery requests.  When he failed to respond to Ozark's motion to dismiss, the court, on August 11, 2017, warned that if he did not respond by August 28, the case would be dismissed with prejudice.  Despite this warning, Mr. Harrington did not respond.  The court analyzed the factors for dismissal with prejudice under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), and granted the motion.

---

[1] A magistrate judge adjudicated all matters in this case under 28 U.S.C. § 636(c).

[2] Because Mr. Harrington is pro se, we liberally construe his filings but do not act as his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

2

On October 27, 2017, Mr. Harrington filed an untitled motion to vacate the judgment because of his inability to receive mail. Construing the motion as asking for relief due to mistake or excusable neglect under Rule 60(b)(1), the court, noting that Mr. Harrington should have provided an alternative address to the court, denied the motion.

## II. **DISCUSSION**

### A. *Dismissal with Prejudice*

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 859-61 (10th Cir. 2018).

Mr. Harrington's briefing on appeal is sparse and fails to show the court abused its discretion. In his opening brief, he lists "59 E" and "59 b" and states that the district court applied the wrong law. Aplt. Br. at 3-4. We assume he is referencing Federal Rules of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," and 59(b), which provides that "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." Mr. Harrington also cites two cases from the Massachusetts Court of Appeals—*Albano v. Bonanza Int'l Dev. Co.*, 5 Mass. App. Ct. 692 (1977), and *Arthur D. Little, Inc. v. E. Cambridge Sav. Bank*, 35 Mass. App. Ct. 734 (1994). He does not explain how either rule or either case supports a challenge to the district court's orders, nor can we discern any such support from these authorities.

Also in his opening brief, Mr. Harrington states that he "never signed a lease any place still living in the same residence since 2010." Aplt. Br. at 4. He states that he

3

"never ignored a summons to appear in court, never served officer or received anything certified mail. I didn't destroy or vandalize my mail box. The property has about 14 mail boxes other than mine that are defected also." *Id.* Neither of these statements shows the district court abused its discretion in dismissing this case with prejudice for failure to prosecute.

In his reply brief, Mr. Harrington attempts to shift responsibility to counsel for Defendant-Appellee, whom, he says, the court "instructed . . . to work with me Willie Harrington since I am representing myself" and that he "never received an email or phone call" from defense counsel's law firm. Aplt. Reply Br. at 2. Ozark's response brief states that "all correspondence was sent to [Mr. Harrington's] address of record, and many of Defendant-Appellee's communications were confirmed delivered." Aplee. Br. at 5. We need not resolve this factual dispute because doing so would not alter our conclusion that the district court did not abuse its discretion.

B. *Denial of Rule 60(b) Motion*

After the district court dismissed this case with prejudice, it entered a final judgment on October 24, 2017. On October 27, Mr. Harrington filed his untitled motion to vacate the judgment, which tolled the time to appeal. Fed. R. App. P. 4(a)(4)(A)(vi). On November 28, 2017, he filed a notice of appeal from the final judgment. On that same day, this court abated the appeal pending the district court's disposition of his pending post-judgment motion, which the court denied on January 25, 2018. We then lifted the abatement.

4

Mr. Harrington did not file a notice of appeal or an amended notice of appeal from the order denying his post-judgment motion. *Id.* 4(a)(4)(B)(ii). As a result, the district court's order denying the post-judgment motion under Rule 60(b)(1) is not within the scope this appeal. We dismiss any challenge to the denial of that motion based on our lack of jurisdiction.

## III. **CONCLUSION**

We (1) affirm the district court's dismissal of this case under Federal Rules of Civil Procedure 37(b) and 41(b), (2) dismiss Mr. Harrington's challenge to the district court's denial of his post-judgment motion under Federal Rule of Civil Procedure 60(b)(1), and (3) deny his request to proceed *in forma pauperis* on appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

5