Garsh, J.
This action arises out of construction contracts between the plaintiff, Turner Brothers Construction, Inc. (Turner Brothers), and the defendant, Trustees of Nichols College (the College). In its original complaint, Turner Brothers asserted claims for breach of contract and quantum meruit (Counts I — IV), as well as for violations of G.L.c. 93A (Count V). This action was stayed pending arbitration and, following an arbitration award in its favor, Turner Brothers amended Count V, adding allegations of unfair conduct related to the arbitration proceedings.
The College now moves for summary judgment, asserting that Turner Brothers is precluded from pursuing c. 93A claims related to the construction work because all such claims were either arbitrated or waived. The College further contends that Turner Brothers’ additional allegations contained in the Supplemental Complaint must be dismissed because conduct arising in the context of litigation is not actionable under G.L.c. 93A. For the reasons set forth below, the defendant’s motion for summary judgment is ALLOWED in part and DENIED in part. The plaintiffs cross-motion for summary judgment is DENIED.
BACKGROUND
Turner Brothers filed its initial complaint in this action on February 25, 1992. The College asserted counterclaims against Turner Brothers. The construction contracts provided that any claim “arising out of or related to the Contract, or breach thereof, shall be settled by arbitration.” General Conditions of the Contract for Construction 14.5.1. The contracts further provided that a notice of demand for arbitration “must assert all claims then known to [the] party on which arbitration is permitted to be demanded.” Id. at 14.5.6.
On March 18, 1992, Turner Brothers filed a motion for a stay of Counts I through IV only, pending arbitration of these counts. The College did not file an opposition. On March 27, 1992, the court (Carey, J.) allowed the motion to stay in a margin ruling that stated “93A counts are also stayed pending results of arbitration on other issues.”
Oh April 6, 1992, the College filed a motion for stay of all counts of the complaint and counterclaim, “pending arbitration under the construction contracts.” Turner Brothers filed an opposition to that motion in which it argued that the College had waived its right to seek arbitration of the c. 93A count by failing to file an opposition to Turner Brothers’ motion to stay only counts I through IV. Opposition of Turner Brothers Construction, Inc. to Motion of Trustees of Nichols College for Stay of Complaint at 6-7. Turner Brothers also argued that public policy prevents arbitration of c. 93A claims, which “may only be resolved in ajudicial setting.” Id. at 7. On August 13, 1992, the court (Steele, J.) allowed the College’s motion in a margin ruling that simply stated “motion allowed.”
On September 13, 1994, an arbitration panel issued an award in Turner Brothers’ favor. On December 7, 1994, the stay was vacated and “remaining claims” were scheduled for trial. On January 24, 1995, Turner Brothers was granted leave to file a Supplemental Complaint, amending its c. 93A claim against the College. Turner Brothers added allegations that the College acted in an unfair manner with respect to the arbitration proceeding.
DISCUSSION
A. Claim Preclusion
The College contends that Turner Brothers is es-topped from pursuing the c. 93A claims asserted in the original complaint because those claims were either arbitrated or were waived by Turner Brothers’ failure to submit those claims to arbitration. Turner Brothers counters that the c. 93A claims were not referred to arbitration and that the College consented to those claims being reserved for the court. The court’s order of March 27, 1992, however, was superseded by the order of August 13,1992, which unequivocally stayed all claims pending the arbitration. There can be no confusion about the meaning of that order because Turner Brothers’ opposition specifically raised the argument that it could not be compelled to arbitrate the c. 93A claims. The court, in allowing the College’s motion, rejected Turner Brothers’ argument. Turner Brothers did not file a motion for reconsideration or clarification of that order.[1] Given the court’s ruling and the language of the contract, Turner Brothers is precluded from pursuing the c. 93A claim that could have been presented to the arbitration panel.[2]
B. Conduct Related to Arbitration Proceeding
The College asserts that Turner Brothers’ c. 93A claim based on the new allegations of the supplemental complaint must be dismissed because the allegations concern conduct that arose in the context of litigation.[3] Citing Arthur D. Little, Inc. v. East Cambridge Savings Bank, 35 Mass.App.Ct. 734 (1994), the College asserts that conduct related to litigation may never form the basis of a c. 93A claim. Arthur D. Little, however, does not establish such a broad rule. That case involved a trustee process action in which the only association between the plaintiff and the trustee-defendant was that the trustee-defendant held another party’s funds in which the plaintiff claimed an interest. The court stated: “No commercial relationship ever existed between the parties; their only contact occurred in the context of this litigation.” Id. at 743.
In the present case, by contrast, Turner Brothers and the College had a business relationship which gave rise to Turner Brothers’ claims for breach of contract and violations of c. 93A. This relationship, in turn, gave rise to Turner Brothers’ claims that the College violated c. 93A with respect to the arbitration of the contractual claims. The c. 93A claim arises from the parties’ business relationship. Cf. Schubach v. *638 Household Financial Corp., 375 Mass. 133 (1978) (permitting claim against lender under c. 93A for the lender’s intentional filing of actions in venues that were inconvenient for debtors).
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is ALLOWED as to Paragraphs 33(a) through 33(m) of the Supplemental Complaint and DENIED as to Paragraphs 33(n) through 33(p). The plaintiffs cross-motion for summary judgment is DENIED.

Turner Brothers did file a motion for reconsidération or clarification of the court’s March 27, 1992 order staying Counts I through IV, but only raised matters not relevant to the issue presently before the court. That motion was denied.

While the court is not absolutely prohibited from reconsidering issues previously decided, see generally Peterson v. Hopson, 306 Mass. 597 (1940), this court declines to disturb the August 13, 1992 order, as there do not appear to be any changed circumstances and the prior ruling is not erroneous. See Greenleaf Engineering & Construction Co. v. Teradyne, Inc., 15 Mass.App.Ct. 571, 574-76 (1983) (while claims by a consumer are not subject to arbitration, claims by a business person pursuant to G.L.c. 93A, §11 may be arbitrated).

The College opposed Turner Brothers’ motion for leave to file a supplemental complaint, raising the same arguments advanced in support of its motion for summary judgment, i.e., res judicata effect of the arbitration and litigation-related events do not give rise to c. 93A violations. The court (Carey, J.) granted Turner Brothers leave to file its supplemental complaint.