FIRST ENTERPRISES, LTD., & others[1] *vs.* MARK D. COOPER.

*Norfolk. March 6, 1997. - July 1, 1997.*

Present: WILKINS, C.J., ABRAMS, LYNCH, & MARSHALL, JJ.

*Consumer Protection,* Availability of remedy. *Consumer Protection Act,* Unfair or deceptive act, Trade or commerce.

An attorney who filed a false legal claim against his clients' adversaries could not be held liable to those adversaries for a violation of G. L. c. 93A, §§ 2 and 11, where the attorney had no commercial relationship with those parties and where the filing of litigation does not of itself constitute "trade or commerce." [347-348]

CIVIL ACTION commenced in the Superior Court Department on September 16, 1994.

A motion to dismiss was heard by *Elizabeth Butler,* J.

An appeal for leave to prosecute an interlocutory appeal was allowed by *Rudolph Kass,* J., in the Appeals Court, and the appeal was reported to a panel of that court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*J. Owen Todd* (*Lisa Arrowood* with him) for the defendant.

*Michael V. Morisi* (*Andrew C. Oatway* with him) for the plaintiffs.

ABRAMS, J. At issue is whether an attorney may be held liable under G. L. c. 93A, §§ 2 and 11, to his client's adversaries for engaging in "trade or commerce" in a fraudulent manner by submitting a false legal claim against those adversaries. The defendant challenges the trial judge's denial of his motion to dismiss a claim brought against him for violating G. L. c. 93A, §§ 2 and 11. The defendant filed a request for an interlocutory appeal which was heard by a single justice of the Appeals Court. The single justice reported the case to a

---

[1] Walter G. Lobo, Clifford Lobo, and Trichur Venkataraman.

panel of that court.[2] We transferred the matter on our own motion. We conclude that the defendant's motion to dismiss should have been allowed.

We set forth the facts alleged in the plaintiffs' verified complaint and assume the facts alleged are true.[3] On December 5, 1989, Gregory Menezes and two others entered into a franchise agreement with Dunkin' Donuts, Inc. (Dunkin' Donuts), to operate a doughnut shop in Mechanicsville, Virginia. On March 14, 1990, these three men formed First Enterprises, Ltd. (First Enterprises), and assigned the Dunkin' Donuts franchise to it. The same day, the three men and a fourth man executed stock subscription letters. Menezes contributed $25,500 capital to the corporation and was designated as treasurer and as a director.

Also on March 14, 1990, First Enterprises, Menezes, and the three other men entered into a shareholders' agreement to protect their franchise. The shareholders' agreement established an exclusive process for redeeming shares and transferring proceeds from shares held by anyone in First Enterprises. Share redemption would take place in accordance with an instalment payment plan which provided for a down payment of 20% and the balance to be paid in equal instalments over three years.

On March 27, 1990, the Dunkin' Donuts franchise began operations. On May 9, 1990, Menezes left the business and moved to Massachusetts. Shortly thereafter, Menezes retained the defendant, Mark D. Cooper, to provide legal services regarding termination of his relationship with First Enterprises and Dunkin' Donuts. Specifically, Menezes hired Cooper to assist in Menezes's stock redemption and resignation from First Enterprises, and to obtain Menezes's release from liability and obligation to the Dunkin' Donuts franchise.

---

[2]The single justice in his memorandum and order noted that, "[w]hile there are remedies against a lawyer who foments baseless litigation, if availed of in a timely manner, it is at least subject to some doubt that an action under c. 93A is among those remedies. It would be profligate of the time and substance of the parties and, at a later stage, wasteful of judicial resources to prepare for and try a case that has a fundamental underlying flaw."

[3]The facts are contained in the plaintiffs' verified complaint. The parties and the Superior Court judge correctly treated the defendant's motion as a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). See *Federico* v. *Brockton Credit Union*, 39 Mass. App. Ct. 57, 58 (1995).

On May 17, 1990, First Enterprises sent Menezes and Cooper a letter outlining the process for stock redemption and transferring proceeds, in accordance with the shareholders' agreement. Pursuant to that letter, on May 22, 1990, Menezes signed a resignation and tender offer letter prepared by Cooper, who sent it to First Enterprises.

On June 25, 1990, First Enterprises's attorney sent Cooper a letter confirming the requirements of the shareholders' agreement. That same day, Cooper informed First Enterprises by telephone that Menezes accepted the shareholders' agreement terms for the redemption and transfer of proceeds, and demanded that First Enterprises accept Menezes's resignation.

After notification by First Enterprises of its acceptance of Menezes's resignation, Cooper demanded that it pay for Menezes's shares in a lump sum rather than under the terms of the shareholders' agreement, and threatened to sue it if it did not agree to do so.

On June 29, 1990, Cooper sent to the corporate plaintiff a rescission notice in which Cooper claimed that Menezes agreed to resign in consideration of the plaintiffs' oral promise, allegedly made to Cooper, to pay for Menezes's shares with a lump sum. The plaintiffs denied making such an agreement. On July 6, 1990, the plaintiffs sent Menezes a corporate check and promissory note in accordance with the shareholders' agreement terms. Cooper returned the check to First Enterprises.

On September 26, 1990, Cooper, on behalf of Menezes, filed a verified complaint in the Superior Court against First Enterprises, alleging that First Enterprises breached its promise to pay Menezes a lump sum of $25,500 for his stock in exchange for Menezes's tender of shares, and that Menezes was informed that he had to resign from the corporation as a condition precedent to receiving the lump sum. Along with the verified complaint, Menezes filed an affidavit, prepared by Cooper, essentially repeating these allegations.

Menezes decided to proceed pro se. Cooper withdrew as counsel. On November 27, 1993, Menezes and First Enterprises entered a stipulation that the action be dismissed with prejudice. That day, Menezes also filed a second affidavit, in which he stated that the prior suit was baseless, that Cooper had prepared the verified complaint, and that Menezes signed

it in reliance on Cooper for its accuracy and truth. According to Menezes's affidavit, Cooper induced him to sign the verified complaint and affidavit by assuring him that the statements were true. The result was that the plaintiffs had to defend a baseless suit, sustaining significant financial damage.

On September 16, 1994, First Enterprises filed suit against Cooper, and he moved for a dismissal of all claims.[4] All counts were dismissed except the count alleging a violation of G. L. c. 93A, §§ 2 and 11. Cooper moved for a reconsideration of the decision not to dismiss the G. L. c. 93A claim.

Cooper contends that a lawyer may not be liable to his client's adversary under G. L. c. 93A, §§ 2 and 11, for acts performed on the client's behalf. Cooper asserts that the mere filing of litigation does not of itself constitute "trade or commerce." *Arthur D. Little, Inc.* v. *East Cambridge Sav. Bank*, 35 Mass. App. Ct. 734, 743 (1994). We agree.

A violation of G. L. c. 93A, §§ 2 and 11, requires that "the acts or practices complained of must be 'perpetrated in a business context.' " *Little, supra* at 743, quoting *Lanter* v. *Carson*, 374 Mass. 606, 611 (1978). In the *Little* case, the Appeals Court concluded that a G. L. c. 93A claim could not be maintained if "[n]o commercial relationship ever existed between the parties; their only contact occurred in the context of this litigation." *Id.* Thus, to survive the defendant's motion to dismiss, the plaintiffs must show that the defendant had a commercial relationship with the plaintiffs or that the defendant's actions interfered with "trade or commerce." The facts alleged in the verified complaint do not meet either requirement.

"It is well established that disputes between parties in the same venture do not fall within the scope G. L. c. 93A, § 11." *Szalla* v. *Locke*, 421 Mass. 448, 451 (1995). The statements made by this defendant relate to a dispute within a business. The dispute was not a commercial marketplace transaction

---

[4]The initial complaint consisted of eight counts: (1) fraud; (2) abuse of process; (3) interference with contractual rights; (4) interference with advantageous relationships; (5) unfair and deceptive trade practices in violation of G. L. c. 93A, §§ 2 and 11; (6) violation of Mass. R. Civ. P. 11, 365 Mass. 753 (1974); (7) violation of G. L. c. 231, § 6F; and (8) a count against a reach and apply defendant, John Doe. Four of these counts were dismissed because they were barred by the statute of limitations. Three others were dismissed on other grounds.

but an internal business dispute. Therefore, the plaintiffs may not rely on the substance of these statements as a basis for claiming a commercial relationship.

The plaintiffs also claim that the defendant engaged in "trade or commerce" by making the allegation that the corporate plaintiff had breached its agreement to pay Menezes a lump sum for his stock. The plaintiffs rely on *Kirkland Constr. Co.* v. *James*, 39 Mass. App. Ct. 559 (1995). In the *Kirkland* case, there was a sale of goods between two distinct businesses. The attorneys provided unsubstantiated assurances that their client could pay for the goods being offered by the plaintiff, a misstatement on which the plaintiff relied to its detriment. In those circumstances, the Appeals Court concluded that the attorneys injected themselves in "trade and commerce." Here, the defendant did not inject himself in a marketplace transaction. The defendant's statements were not made to influence an external marketplace but rather to secure for his client a lump-sum payment for his client's shares in the plaintiffs' business. This defendant did not, as did the attorneys in *Kirkland, supra*, inject himself into "trade or commerce" by making a false statement on which another business relied to its detriment.

In sum, the underlying transaction here was an internal dispute within the corporate structure. The defendant did not inject himself in "trade or commerce" by making any statements designed to be used in "trade or commerce." Thus, the plaintiffs in their verified complaint have not shown a violation of G. L. c. 93A, §§ 2 and 11. We remand to the Superior Court with an order to vacate the denial of the defendant's motion to dismiss.

*So ordered.*