Fabricant, J.
INTRODUCTION
This action presents the plaintiffs claim for the value of the defendants’ use and occupancy of a house on the plaintiffs grounds, along with the defendants’ five-count counterclaim, alleging violations of c. 93A, abuse of process, and other claims. The case is presently before the court on the plaintiffs motions for summary judgment and for approval of a real estate attachment. For the reasons that will be stated, both motions are allowed.
FACTUAL AND PROCEDURAL BACKGROUND
Affidavits submitted by the plaintiff, together with the pleadings and deposition excerpts, present the following facts. The plaintiff, Mount Auburn Cemetery, is a public charity that operates a cemetery and related facilities. The defendant Roberta Sutherland was employed as its greenhouse manager. Mount Auburn Cemetery permitted Sutherland and her husband, James Sutherland, to live in a house on its grounds, charging them rent for the house at the rate of $800 per month.[2] Upon terminating Sutherland’s employment on December 9, 1991, Mt. Auburn Cemetery instructed the Sutherlands to vacate the house. They failed to do so until May of 1993, occupying the house without making any payment for its use for approximately 17 months. According to the affidavit of Mt. Auburn Cemetery’s real estate appraisal expert, the fair market rental value of the house between December 1991 and May 1993 was “$950 per month on a net basis.”[3] Appended to the affidavit of the plaintiffs Director of Cemetery Operations are records showing total charges of $1,805.05 for gas, $986.11 for electricity, and $1,295.52 for water, making a total of $4086.68 in utility charges, in addition to $16,510 in rental charges at $950 per month for seventeen months. The defendants have submitted no affidavits, and in particular have offered no contrary expert opinion as to the market value of the house.
*383 DISCUSSION
Summary judgment is warranted where there are no disputed issues of material fact and where the summary judgment record entitles the moving party to a judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving parly. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)). A court will grant summary judgment to the party entitled to judgment as a matter of law where “there is no real dispute [concerning] the salient facts,” or if a case only involves a question of law. Cassesso v. Commissioner of Corrections, 390 Mass. at 422.
1. The Plaintiffs Claim
The plaintiff contends that it is entitled to judgment against the defendants for the fair rental value of the house during the period of their occupancy, along with all utility charges for that period, a total of $20,286.68. The defendants make no argument to contest their liability, but argue that they are entitled to a trial in order to test the credibility of the plaintiffs expert as to the fair rental value of the house. They point also to the $800 rent charged during Roberta Sutherland’s employment, as indicated in deposition testimony, and to the ad damnum in the plaintiffs earlier action, which claimed damages in the amount of $800 per month.[4] In light of the defendants’ failure to offer any evidence that the rental value of the house is anything other than the amount indicated by the plaintiffs expert, the Court concludes that there is no genuine dispute of material fact, and that the plaintiff is entitled to judgment as a matter of law on its claim for the value of use and occupancy. See Doe v. Liberty Mutual Insurance Co., 423 Mass. 366, 368 (1996) (once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion); LaLonde v. Eissner, 405 Mass. 207, 209 (1989) (the nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and move assertions of disputed facts).
Although judgment will enter for the plaintiff, the Court is not persuaded that the plaintiff is entitled to the full amount claimed. In particular, the Court does not read the expert’s reference to “utilities,” without further specification, as expressing the opinion that the fair market rent would require the tenant to pay water charges, in addition to $950 per month and the costs of gas and electricity. The Court takes judicial notice that water charges are usually the responsibility of the property owner, and that the state sanitary code requires property owners to pay water charges. 105 Code Mass. Regs. Section 410.180 (1994). Accordingly, judgment will enter for the plaintiff on the plaintiffs claim in the amount of the $950 per month rental charge, for seventeen months, plus the charges for gas and electricity, for a total of $18,991.16, plus interest.
2. The Defendants’ Counterclaims
The defendants have asserted five counterclaims, as follows: (I) abuse of process in the filing of the 1992 luminary process action, referred to supra; (II) violation of c. 93A in asserting the claim for market rent at a rate of $950, after having claimed rent at the $800 rate in the previous action; (III) violation of c. 93A in the failure to pay the defendant Roberta Sutherland certain wages allegedly due; (IV) a claim for an accounting of amounts allegedly due the defendant Roberta Sutherland as an employee; and (V) a claim for “money had and received," based on the allegation that the plaintiff failed to pay the defendant Roberta Sutherland all wages due.
After review of all materials submitted, the Court concludes that no dispute of material fact exists as to any of the counterclaims, and that the plaintiff is entitled to judgment as a matter of law on each of them. With respect to Count I, the defendants have identified no alleged improper purpose for the filing of the summary process action; still less have they offered any evidence to demonstrate a genuine dispute as to the existence of that element. Silvia v. Building Inspector of West Bridgewater, 35 Mass.App.Ct. 451 (1993) (abuse of process presupposes use of legal action for ulterior purpose). Counts II and III, both founded on c. 93A, must fail because that statute applies neither to the filing of litigation, First Enterprises. Ltd. v. Cooper, 425 Mass. 344, 347 (1997), Sullivan v. Birmingham, 11 Mass.App.Ct. 359 (1981), nor to the relationship between employer and employee. E.g. Manning v. Zuckerman, 388 Mass. 8, 15 (1983).
Counts IV and V of the defendants’ counterclaim both reassert, in different guises, the contention that the plaintiff failed to pay the defendant Roberta Sutherland certain wages due her. Both parties have acknowledged, in their papers and at argument, that they have litigated that contention to judgment in the District Court, and that Roberta Sutherland has won a judgment from that Court for unpaid wages in the amount of $8557.64, plus interest. At argument on the present motions, counsel informed the court that that judgment is now on appeal to the Appellate Division of the District Court. Accordingly, the claims asserted in Counts IV and V are identical to claims pending, and close to conclusion, in a prior pending action. For that reason, those claims must be dismissed. Beauregard v. Capitol Amusement Co., 301 Mass. 142, 144 (1938).
*384 3. The Plaintiffs Motion for Real Estate Attachment
Having concluded that the plaintiff is entitled to judgment against the defendants in the amount of $18,991.16, the Court will approve an attachment on any real estate standing in the names of the defendants, to secure the plaintiffs ability to collect the judgment. The Court concludes, however, in light of the District Court judgment for unpaid wages, that the amount of the attachment should reflect the likelihood that the defendant Roberta Sutherland will be entitled to set off the amount of that judgment. Accordingly, the Court will approve an attachment in the amount of $15,000, based on $10,433.52 plus interest of approximately $4,400.
ORDER
For the reasons stated, it is hereby ORDERED that the plaintiffs motion for summary judgment is ALLOWED, that judgment enter for the plaintiff in the amount of $18,991.16, that judgment enter dismissing all counts of the defendants’ counterclaim; and that the plaintiffs request for real estate attachment is approved in the amount of $15,000.

 The deposition testimony of Duncan Munro, an official of the plaintiff, makes it clear that the plaintiff set the $800 per month figure in consideration of the house being occupied by its employee, rather than rented on the open market. The materials submitted in connection with the summary judgment motion do not indicate whether the $800 figure was inclusive or exclusive of utility charges.

 The appraisal report explains that “this would be a net rental with the tenant paying for all utilities as well as being responsible for mowing the lawn and shoveling the walks.”

 Although neither party has provided copies of any pleadings in the earlier action, both have referred to it as a summary process action filed by the plaintiff in the District Court in 1992 and dismissed by the Court. The plaintiff characterizes the dismissal as "on procedural grounds.” The defendants do not contest this characterization.