Cowin, J.
BACKGROUND
Plaintiffs Office One, Inc. and Pilgrim Telephone, Inc. have filed numerous tort and contract claims against the various defendants arising out of Office One’s purchase from the Federal Deposit Insurance Corporation of several commercial units in the River Court Condominium in East Cambridge, Massachusetts. On July 15, 1997, this Court issued a lengthy memorandum of decision and order on the special motions to dismiss filed by each defendant pursuant to G.L.c. 231, §59H, the anti-SLAPP Act [7 Mass. L. Rptr. 219]. This matter is now before the Court on a motion by defendants V. Douglas Errico and the law firm of Marcus, Goodman, Emmer & Brooks, P.C. for reconsideration of that decision and order pursuant to Superior Court Rule 9D. Plaintiffs Office One and *586 Pilgrim are also seeking reconsideration of the Court’s rulings on the special motions to dismiss. For the reasons discussed below, the defendants’ motion for reconsideration is ALLOWED. The plaintiffs’ motion for reconsideration is DENIED.
DISCUSSION
A. DEFENDANTS ERRICO AND MARCUS, GOODMAN, EMMER & BROOKS’ MOTION
Defendants Enrico and Marcus, Goodman, Emmer & Brooks, P.C. (collectively, Errico) first urge this Court to reconsider that portion of the July 15, 1997 order (the Order) denying Errico’s special motion to dismiss Counts VI and VII of the amended verified complaint, arguing that it was error to treat those claims differently from related claims against the Trustees.
Count V of the plaintiffs’ complaint alleged that the Trustees breached their fiduciary duty to the plaintiffs as condominium unit owners by adopting the Parking Restrictions, seeking enforcement action from the Cambridge Building Commissioner, and withholding notice of the Commissioner’s adverse enforcement decision from the plaintiffs. Count VI of the complaint alleged that Errico aided and abetted the Trustees’ breach of fiduciary duty by actively participating in the withholding of notice of the enforcement decision until after the period for filing an appeal had expired. This Court concluded that the allegations in Count V implicated the Trustees’ right of petition and thus dismissed that claim pursuant to G.L.c. 231, §59H. This Court further determined that the allegations in Count VI did not implicate Errico’s right of petition and thus declined to dismiss that claim.
Errico now contends that it was enror to dismiss Count V against the Trustees without also dismissing Count VI. Errico argues:
Having found that the trustees did not breach their fiduciary duty, the court cannot hold Errico liable for aiding and abetting the same conduct. It is inconsistent to hold Errico liable for aiding and abetting where there is no actionable conduct he “aided” or “abetted."
In dismissing Count V against the Trustees, this Court made no substantive determination as to whether the Trustees’ alleged conduct constituted a breach of fiduciary duty or other actionable wrong. Rather, it determined only that the allegations in Count V of the plaintiffs complaint were based on the Trustees’ exercise of the right to petition government. This Court thus concluded that the Trustees’ alleged conduct qualified for the specific protection conferred by the Legislature in G.L.c. 231, §59H and dismissed Count V in accordance with that statute. Said dismissal, in effect, constitutes a determination that the Trustees are immune from suit based on the conduct alleged in Count V of the complaint. See George W. Pring, SLAPPs: Strategic Lawsuits Against Public Participation, 7 Pace Envtl. L. Rev. 2, 15 (1989) (stating that the most effective cure for SLAPP suits is a statute providing absolute immunity for the full range of petition clause related activities): Geoffrey Huling, Tired of Being Slapped Around: States Take Action Against Lawsuits Designed to Intimidate and Harass, 25 Rutgers L. J. 401, 418-31 (1994) (analyzing the anti-SLAPP statutes in several states as providing various degrees of immunity for petitioning activity).
It is a well established rule of tort law that where two individuals or entities would otherwise be liable for a harm, one is not relieved from liability by virtue of the fact that the other has an absolute privilege to act or an immunity from liability to the person harmed. Restatement (Second) of Torts §880 (1979).[3] See O’Connor v. Benson Coal Co., 301 Mass. 145, 147 (1938); Taplin v. Chatham, 390 Mass. 1, 3-4 (1983) (holding that an agent’s immunity from suit does not extend to a principal against whom liability is sought). Thus, the fact that the Trustees are relieved from liability for their otherwise tortious conduct because their alleged breach of fiduciary duty implicates the right of petition, qualifying them for immunity under the anti-SLAPP Act, would not ordinarily compel the conclusion that Errico is relieved from liability for aiding and abetting the Trustees.
However, the anti-SLAPP Act represents a unique determination by the Legislature that a broad range of otherwise actionable conduct will be immunized because of underlying First Amendment concerns. The issue thus is how to vindicate the Legislature’s clear policy decision that exercise of the right to petition is not to be hindered by these lawsuits despite the fact that the lawsuits may have some common law or statutory basis. It appears to be inconsistent with that policy for an agent of the petitioners to be susceptible to tort actions while the principal on whose behalf the agent acts is insulated from suit. Such a result seems basically unfair and is not one which vindicates the legislative policy. The result might well be otherwise if the plaintiff could demonstrate that the agent was acting on his own in a course that damaged plaintiffs apart from the principal’s petitioning activity.
Given that the Trustees’ alleged breach of fiduciary duty was based on the right of petition, Errico’s conduct in aiding and abetting that breach, although not itself implicating the right of petition, is derivative of the Trustees’ claim and arises out of the petitioning conduct of Errico’s client. Accordingly, Errico’s conduct in aiding and abetting the Trustees’ breach of fiduciary duty is entitled to the broad protection of G.L.c. 231, §59H. Upon reconsideration, this Court concludes that Count VI against Errico should be dismissed pursuant to G.L.c. 231, §59H.
Errico next argues that this Court erred in dismissing Count VII of the complaint as against the Trustees but failing to dismiss it as against Errico. Count VII alleges that the Trustees, Errico and condominium counsel conspired to persuade the Cambridge Build *587 ing Commissioner to institute an enforcement action against the plaintiffs and then conspired to deprive the plaintiffs of notice of the adverse enforcement decision. In its memorandum of decision, this Court concluded that Count VII was based upon the Trustees’ exercise of their right of petition and was entitled to the protection of the anti-SLAPP Act. This Court therefore dismissed Count VII against the Trustees pursuant to G.L.c. 231, §59H. Due to an oversight, however, this Court failed to dismiss Count VII against Errico and proceeded to address Errico’s separate motion to dismiss Count VII for failure to state a claim pursuant to Mass. R. Civ. P. 12(b)(6). This Court ultimately concluded that the substantive allegations of Count VII stated a claim for civil conspiracy.
Upon reconsideration, this Court concludes that Count VII against Errico should, be dismissed pursuant to G.L.c. 231, §59H. The claim of conspiracy consists of the allegation that Errico acted in combination with the Trustees to persuade the Cambridge Building Commissioner to take enforcement action against the plaintiffs. The plaintiffs’ conspiracy claim is thus based on Errico’s exercise of its right to petition a government official, conduct which is immunized from suit under the anti-SLAPP Act. Accordingly, this Court will amend the July 15, 1997 Order to allow Errico’s motion to dismiss Count VII pursuant to G.L.c. 231, §59H.
Finally, Errico urges this Court to reconsider that portion of the Order denying Errico’s motion to dismiss Count VIII of plaintiffs’ complaint pursuant to Rule 12(b)(6) for failure to state a claim. Count VIII alleges that Errico’s active participation in withholding notice of the Building Commissioner’s enforcement decision from the plaintiffs constitutes a wilful and knowing violation of General Laws Chapter 93A, Section 11.[4]
In Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456 (1997), the Court, at 463, emphasized that in order for an attorney to be liable under G.L.c. 93A, the attorney must have been acting in a business context. For that reason, the proper party to assert a Chapter 93A claim against an attorney will typically be either a client or someone acting on a client’s behalf. Id. at 462. To survive a motion to dismiss under Rule 12 (b) (6), a plaintiff asserting a Chapter 93A claim must demonstrate that a commercial relationship existed with the defendant attorney or that the attorney’s actions interfered with trade or commerce. First Enterprises, Ltd. v. Cooper, 425 Mass. 344, 347 (1997). However, a purely internal dispute concerning the governance of a corporation does not involve a commercial marketplace transaction, even when it results in litigation. Thus, such a dispute does not fall within the ambit of Chapter 93A, id. at 347, and an attorney cannot be liable under said statute based on acts performed on behalf of a client in such an internal corporate dispute. Id. at 347-48 (holding that an attorney’s actions in representing some shareholders of a company against other shareholders did not inject him into trade or commerce and could not be the basis of a c. 93A, §11 suit). See Tetrault v. Mahoney, Hawkes & Goldings, supra at 463 (holding that an attorney who drafted a will and testamentary trust for his client had not engaged in trade or commerce with the beneficiaries of the will and trust and could not be sued by them under c. 93A, §11).
In the present case, Errico contends that the allegations in Count VIII of plaintiffs’ complaint concern actions taken in connection with a purely internal dispute over condominium governance between the River Court Trustees and several individual unit owners and thus do not arise in a business context. This Court agrees that there is no commercial relationship between Errico and the plaintiffs and that Errico’s alleged conduct in withholding notice of the Building Commissioner’s enforcement decision did not inject it into trade or commerce. Accordingly, Count VIII of the complaint fails to state a claim under Chapter 93A and must be dismissed.
B. PLAINTIFFS OFFICE ONE, INC. AND PILGRIM TELEPHONE’S MOTION
Plaintiffs Office One and Pilgrim have filed a motion for reconsideration of the Order. The plaintiffs assert the following errors: misapplication of the Appeals Court’s holding in the Duracraft decision by failing to recognize the plaintiffs’ constitutional right of petition; error of law in finding that the FDIC is a governmental body for purposes of the anti-SLAPP Act; error in finding that various claims were based upon the defendants’ exercise of the right to petition government; error in relying upon the allegations in the plaintiffs’ original verified complaint; and an error of law in dismissing various counts of the complaint pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim. Upon careful reconsideration of its memorandum and order, this Court concludes that the plaintiffs’ motion for reconsideration should be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants V. Douglas Errico and Marcus, Goodman, Emmer & Brooks, P.C.’s motion for reconsideration is ALLOWED. Therefore, it is ORDERED that the Consolidated Memorandum of Decision and Order on Defendants’ Special Motions to Dismiss and Defendants V. Douglas Errico and Marcus, Goodman, Emmer & Brooks, P.C.’s Rule 12(b)(6) Motion to Dismiss, dated July 15, 1997, be AMENDED by striking the second paragraph of the Order on page 34 and replacing it with the following paragraph:
It is hereby ORDERED that defendants V. Douglas Errico and Marcus, Goodman, Emmer & Brooks, P.C.’s special motion to dismiss pursuant to G.L.c. 231, §59H is ALLOWED as to Counts III, VI and VII of the Amended Verified Complaint. Errico and *588 Marcus, Goodman, Emmer & Brooks, P.C.’s motion to dismiss pursuant to Rule 12(b)(6) is ALLOWED as to Counts III and VIII and DENIED as to Counts VI and VII.
It is further ORDERED that plaintiffs’ motion for reconsideration is DENIED.

 The Restatement gives the following example which is relevant to the right of petition: “[O]ne who pays a witness to make a defamatory or otherwise harmful and untruthful remark upon the witness stand is liable for the harm resulting to a third person although the witness himself is immune from liability.” Restatement (Second) of Torts §880, Comment a (1979).

 Although not argued in its original motion, Errico now contends that two decisions of the Supreme Judicial Court (issued at about the same time as the Order) compel the conclusion that Errico and condominium counsel were not engaged in trade or commerce with respect to their allegedly wrongful acts in the present suit and that therefore, Count VIII of the complaint fails to state a claim for a violation of Chapter 93A.