Ball, J.
On March 12, 1999, these matters were before the court on, inter alia, Greater Boston Legal Services’ (GBLS) Motion for Entry of Separate and Final Judgment and Nick Haddad’s and Elizabeth Haddad’s (collectively, Haddads’) Motion for Summary Judgment.
A. GBLS’ Motion for Entry of Separate and Final Judgment (Document No. 21)
On November 19, 1998, this court (Ball, J.) granted partial summary judgment to GBLS on its claim that Nick Haddad (Haddad) is liable for the attorneys fees previously awarded to GBLS in the underlying summary process action, independent of the validity of the settlement purportedly reached between Luis Rivera (Rivera) and Haddad.[7] GBLS now moves, pursuant to Mass.R.Civ.P. 54(b), for entry of separate and final judgment on the attorneys fees claim. As grounds, GBLS argues that there is no just reason for delay and that the remaining pending claims are separate and distinct from the attorneys fees claim.
Under Mass.R.Civ.P. 54(b), the trial court has discretion to enter separate and final judgment upon a claim, but only after an express determination that there is “no just reason for delay.” “Just reason for delay requires a showing in the record that ‘hardship or injustice will result’ in the event the party is required to wait for all the claims [to be disposed of (sic)] before securing appellate review . . . Further, there should be an inquiry as to whether resolving the question sought to be raised by an appeal will simplify, shorten, or expedite the trial of any other claims still pending in the Superior Court,” Kobico. Inc. v. Pipe, 44 Mass. App. Ct. 103, 104, n.2 (1997), quoting J.B.L. Construction Co. v. Lincoln Homes Corp., 9 Mass.App.Ct. 250, 251-53 (1980). Separate judgment, however, should not be entered “routinely or as a courtesy or accommodation to counsel.” United States Trust Co. of New York v. Herriot, 10 Mass. App. Ct. 313, 322 (1980). ‘The preferred practice is to withhold judgment until all claims have been disposed.” Acme Engineering & Manufacturing Co. v. Airadyne Co.. Inc., 9 Mass. App. Ct. 762, 764 (1980).
After hearing and review of the parties’ submissions, the court finds that the interests of justice will not be served by entering separate and final judgment on the attorneys fees claim. The trial judge is quite familiar with the facts of this case and entry of judgment will not shorten, simplify or expedite the trial; the parties will remain the same and the evidence will *200 not change. Additionally, the matter is scheduled for trial in less than three months; judicial economy will not be served by the parties litigating the appeal and the trial in tandem. See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) (rare case where Rule 54(b) can be applied when the parties on appeal remain, simultaneously, parties below).
B. Nick Haddad’s and Elizabeth Haddad’s Motion for Summary Judgment
The Haddads move, pursuant to Mass.R.Civ.P. 56, for summary judgment against the claims brought by GBLS and Rivera on the grounds that (1) plaintiffs do not have any actionable claims under G.L.c. 93A; (2) GBLS cannot prevail on its claim for attorneys fees; and (3) plaintiffs’ claims are barred by the statute of limitations.
1.G.L.c. 93A
The Haddads contend that GBLS and Rivera cannot prevail on the c. 93A claim because the alleged injuries suffered by GBLS and Rivera did not take place in “trade or commerce.” Specifically, the Haddads allege that the acts complained of by GBLS and Rivera all occurred in the context of litigation and such conduct does not give rise to c. 93A liability. Additionally, with respect to GBLS, the Haddads allege that as a nonprofit organization which does not charge for its services, GBLS is not engaged in trade or commerce and thus cannot assert a business to business claim under G.L.c. 93A, §11.
‘To violate c. 93A, §2, the acts or practices complained of must be perpetrated in a business context.” Arthur D. Little. Inc. v. East Cambridge Savings Bank, 35 Mass.App.Ct. 734, 743 (1994). A commercial relationship must exist between the parties or the defendants’ actions must have interfered with trade or commerce. First Enterprises. Ltd. v. Cooper, 425 Mass. 344, 347 (1997).
With respect to Rivera, the motion is denied. Rivera and Haddad had a underlying commercial relationship, specifically that of landlord/tenant, which gave rise to Rivera’s various claims, including c. 93A. See Turner Brothers Construction Inc. v. Trustees of Nichols Colleges, Civ. No. 92-00415, 3 Mass. L. Rptr. 636 (Mass.Super.Ct. May 31, 1995) (Garsh, J.).
A closer question exists with regards to GBLS.[8] As to the first issue whether GBLS, as a legal services organization, is engaged in trade or commerce, the court finds that GBLS is engaged in trade or commerce. The practice of law constitutes “trade or practice” under c. 93A. See Guernard v. Burke, 387 Mass. 802 (1982); Brown v. Gerstein, 17 Mass.App.Ct. 558 (1984). Whether GBLS’s particular relationship with the Haddads arose in a commercial relationship or solely in the context of litigation is a question worthy of factual exploration at trial. Thus, summary judgment is denied on this claim.
2.GBLS’s Attorneys Fees Claim
The Haddads seek summary judgment on GBLS’s claim that Haddad is liable for the attorneys fees awarded by the Housing Court which are secured by an attorney’s lien under G.L.c. 221, §50. The court already rejected the Haddads’ arguments regarding these issues when it granted partial summary judgment in favor of GBLS on the attorneys fees claim. The court will not revisit the issues again at this time.
3.Statute of Limitations
Lastly, the Haddads contend that GBLS’s and Rivera’s claims are barred by the statute of limitations. GBLS and Rivera filed their complaint on July 27, 1997. Years earlier, on October 19, 1993, Rivera had filed a separate fraudulent conveyance action in which GBLS later intervened.
The background against which the statute of limitations issues must be evaluated is as follows. On March 8, 1989, the Housing Court (King, J.) entered judgment in favor of Rivera awarding him damages and attorneys fees. On April 6, 1992, the Housing Court (King, J.) entered an Amended Judgment in favor of Rivera and awarded damages in the amount of $96,677.77 and attorneys fees pursuant to G.L.c. 186, §14 and G.L.c. 93A, §9 in the amount of $145,565.75.
On November 24, 1992, Haddad and Rivera executed a Settlement Agreement and Stipulation of Dismissal which purported to release Haddad from all claims and liabilities, including GBLS’s statutorily awarded attorneys fees, arising from the Housing Court action.[9] Upon execution of these documents, Haddad paid Rivera $15,000.
In August 1993, Rivera traveled from Florida to Massachusetts to meet with Haddad. The parties dispute the purpose of this later meeting. According to Haddad, in August 1993, Rivera and Haddad met to discuss the possibility of Rivera obtaining affidavits from other tenants on behalf of Haddad in exchange for a sum of money. The Haddads contend that the August 1993 meeting was unrelated to the settlement negotiations which were completed in November 1992. Conversely, GBLS and Rivera contend that Rivera and Haddad originally agreed to settle the underlying dispute for $65,000 and Haddad paid $15,000 to Rivera in 1992. Thereafter, in August 1993 Rivera came to Massachusetts to meet with Haddad in order to execute an affidavit prepared by Haddad and to receive the remaining settlement proceeds of $50,000.
The Haddads assert that the events which occurred in 1991 and 1992 which culminated in Rivera executing a purported Settlement Agreement on November 24, 1992 are completely unrelated to the events of August 1993. The Haddads assert that any claim for violation of c. 93A accrued at the latest on November 24, 1992, the day of the execution of the Settlement Agreement. Thus, GBLS and Rivera had four years *201 from November 24, 1992 to file their claim. Alternatively, the Haddads assert that even if the court were to consider the events in August 1993 as actionable, at most, they make out a claim for fraud which has a three year statute of limitations and likewise, their claims would be barred.
Conversely, GBLS and Rivera allege that the events of 1991 and 1992 are related to the events between Rivera and Haddad in August 1993. GBLS and Rivera contend that the meeting in August 1993 was a continuation of the settlement negotiation which had occurred in 1992. Thus, GBLS and Rivera assert that, at the earliest, the statute of limitations started running in August 1993 and thus their claims would not be barred.
Questions of fact exist as to when GBLS’s and Rivera’s claims accrued and the statute of limitations started running. Factual issues relative to the statute of limitations are best left for the trier of fact. See Riley v. Presnell, 409 Mass. 239, 248 (1991), and cases cited. Accordingly, the court denies the Haddads’ motion for summary judgment based on the statute of limitations.
ORDER
For the reasons set forth above, the Court hereby ORDERS that Greater Boston Legal Services’ Motion for Entry of Separate and Final Judgment on Attorneys Fees Claim (Document No. 21) is DENIED and Nick Haddad’s and Elizabeth Haddad’s Motion for Summary Judgment is DENIED.

 For a summary of the facts underlying these actions, see Memorandum of Decision and Order, Nos. 93-5931, 97-3872, Housing Court, S.P. 33365, and C.A. 17774. (Suffolk Super. Ct. November 19, 1998) (Ball, J.).

 The court assumes that GBLS is proceeding under G.L.c. 93A, § 11, a business to business claim, as opposed to c. 93A, §9.

 The parties dispute the events leading up to the alleged settlement between Haddad and Rivera.