Fecteau, J.
Plaintiff Copperbeech Partnership, Ltd. (Copperbeech) filed a complaint against defendant Seegel, Lipshutz and Wilchins, P.C. (SLW), the law firm which represented co-defendant Mark Lachman[2] (Lachman) in a lawsuit against Copperbeech. The complaint alleges that in the course of its representation of Lachman, SLW violated multiple sections of the Massachusetts Rules of Professional Conduct resulting in the violation of G.L.c. 93A, common-law deceit and misrepresentation, and civil conspiracy. For the following reasons, the defendant’s motion for summary judgment is ALLOWED.

BACKGROUND

The following facts are taken from the summary judgment record and are undisputed. SLW represented Lachman and his wife, Janice Lachman, in connection with a lawsuit they filed against Copper-beech and other defendants alleging that their home was constructed in a negligent manner and was dangerous to live in. On February 1,2002, SLW placed an advertisement in the Westborough News which read:
WOODLAND PRESERVE
Do you live in Woodland Preserve?
Have you experienced any problems
With the construction of your home?
Let us know. Please contact us at:
P.O. Box 375
Needham Heights, MA 02494
*702 Lachman decided to mail or hand deliver the advertisement to multiple homeowners living in the Woodland Preserve. SLW was unaware of Lachman’s delivery of the advertisement.

DISCUSSION

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The existence of disputed facts is consequential only if those facts have a material bearing on the disposition of the case. Norwood v. Adams Russell Co., 401 Mass. 677, 683 (1988). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles him to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
I. General Law c. 93A Claim
Copperbeech alleges that SLW violated multiple sections of the Massachusetts Rules of Professional Conduct, resulting in a violation of G.L.c. 93A, §§2, 11. This claim fails as a matter of law.
First Copperbeech does not have standing to bring suit against SLW for a violation of G.L.c. 93A. The Supreme Judicial Court has indicated that the proper parly to assert a claim against an attorney for a violation of G.L.c. 93A is a client or someone acting on a client’s behalf. Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 462 (1997); Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C., 405 Mass. 506, 514 (1989). Furthermore, in order for an attorney to be liable under G.L.c. 93A, he or she must have been acting in a business context. Tetrault, 425 Mass, at 463; First Enterprises, Ltd. v. Cooper, 425 Mass. 344, 347 (1997). The mere filing of litigation does not itself constitute “trade or commerce” within the meaning of G.L.c. 93A. First Enterprises, 425 Mass, at 347; Arthur D. Little, Inc. v. East Cambridge Sav. Bank, 35 Mass.App.Ct. 734, 743 (1994). Because SLW was not engaged in trade or commerce with the plaintiffs, there can be no recovery under G.L.c. 93A. First Enterprises, 425 Mass, at 347.
Furthermore, Copperbeech’s claim fails because Copperbeech admitted in argument that it did not suffer damages as a consequence of SLWs advertisement. Copperbeech has been unable to identify any real estate transactions that have been undermined as a result of the advertisement nor has it presented any information that any perspective buyers were influenced by the advertisement. Under G.L.c. 93A, §11, the plaintiff must show he has suffered a “loss of money or property.” The term “property” means “the kind of property that is purchased or leased, not such intangibles as a right to a sense of security, to peace of mind, or to personal liberty.” See Baldassari v. Public Finance Trust, 369 Mass. 33, 45 (1975). Accordingly, Copperbeech’s G.L.c. 93A claim fails as a matter of law, and the motion for summary judgment as to Count I is allowed.[3]
II. Fraud and Misrepresentation Claim
Copperbeech also brings an action against SLW for fraud and misrepresentation. To prove fraud or deceit a plaintiff must show that the defendant misrepresented a material fact, with knowledge of its falsity, for the purpose of inducing action thereon and that the plaintiff relied on the representation as true and acted upon it to its damage. Reisman v. KPMG Peat Marwick LLP, 57 Mass.App.Ct. 100, 109 (2003); International Totalizing Sys. v. PepsiCo, Inc., 29 Mass.App.Ct. 424, 431 (1990). Fraud, deceit, and negligent misrepresentation may be perpetrated by a half truth, or by an implied representation, as well as by an express representation of material fact. Briggs v. Carol Carr’s Inc., 407 Mass. 391, 396 (1990).
Copperbeech’s claim for fraud and misrepresentation fails as a matter of law. Copperbeech argues that summary judgment is not appropriate because a material fact exists as to the intent of SLW in placing the advertisement. However, even assuming that SLW placed the advertisement with the intent to induce some sort of action on the part of Copperbeech, Copperbeech has failed to sustain its burden on the other elements of fraud and misrepresentation. The posting of the advertisement which constitutes Copperbeech’s claim against SLW cannot be called a material fact, that is a misrepresentation of an existing fact made with knowledge of the falsity of the misrepresentation or with reckless disregard of the actual facts. Christian v. Mooney, 400 Mass. 753, 764 (1987). The advertisement asks its readers whether they have had problems with the construction of their home in Woodland Preserve and requests that if they have, they contact the post office box number included in the advertisement.[4] This cannot be called a material fact for the purpose of Copperbeech’s claim of fraud and misrepresentation. Id. Furthermore, Copperbeech has not made any representation that it relied on the advertisement to its detriment. Zimmerman, 31 Mass.App.Ct. 72, 77 (1991); Reisman, 57 Mass.App.Ct. at 109.
Copperbeech has expressed concern for homeowners who may have responded to the advertisement and unwittingly become participants in the litigation. While SLW’s advertisement, and particular *703 ly the omission of the fact that those responding to the advertisement were contacting a law firm, may have produced this result, Copperbeech is not the appropriate party to voice this concern. Additionally, even if, as Copperbeech suggests, SLW ran the advertisement as a coercive technique to pressure Copper-beech into settling the Lachmans’ complaint, Copperbeech is without recourse as this action does not give rise to relief in this court.
Accordingly, Copperbeech’s claim for fraud and misrepresentation must fail as a matter of law and the motion for summary judgment as to Count II is allowed.
III. Civil Conspiracy Claim
Copperbeech’s final claim against SLW alleges civil conspiracy.[5] Massachusetts courts have recognized two theories of co-conspirator civil liability. Kurker v. Hill, 44 Mass.App.Ct. 184, 188-89 (1998). The first theory involves coercion, and the second theory requires proof of two or more persons acting in concert, pursuant to a common design to commit a tortious act. Id. Copperbeech fails to carry its burden under either theory.
Copperbeech has no reasonable expectation of proving that the actions of Lachman and SLW could satisfy the requirements under the first theory of coercion. This type of civil conspiracy requires coercion where the wrong was in the particular combination of defendants rather than in the tortious nature of the underlying conduct. Kurker, 44 Mass.App.Ct. at 188. It is a “rare” and “very limited” cause of action. Massachusetts Laborers’ Health & Welfare Fund v. Philip Morris, Inc., 62 F.Sup.2d 236, 244 (1999), quoting, in part, Fleming v. Dane, 304 Mass. 46, 50 (1939). “The plaintiff must allege and prove that by ‘mere force of numbers acting in unison’ the defendants exercised ‘some peculiar power of coercion of the plaintiff which any individual standing in a like relation to the plaintiff would not have had.’ ” Id. (citing Fleming). The wrong is the exercise of this “peculiar power of coercion” itself and no other tortious act need be shown. Id.
The particular combination of defendants in this case — here a law firm and its client — cannot be said to have some particular power of coercion over the plaintiff as opposed to the individual actions of the two defendants separately. Kurker, 44 Mass.App.Ct. at 188; see Neustadt v. Emplovers’ Liab. Assur. Corp., 303 Mass. 321, 325 (1939). Accordingly, Copperbeech cannot succeed on this theory of civil conspiracy.
The second theory of civil conspiracy also fails. This theory is akin to joint liability for concerted actions. Kurker, 44 Mass.App.Ct. at 189. To state a claim for this type of civil conspiracy, the plaintiff must allege, “first, a common design or an agreement, although not necessarily express, between two or more persons to do awrongful act and, second, proof of some tortious act in furtherance of the agreement. "Aetna Cas. Sur. Co. v. P&B Autobody, 43 F.3d 1546, 1564 (1st Cir. 1994). Under this theory of liability, a person may be liable in tort if he “knows that the . . . conduct [of another person] constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself.” Id., quoting Restatement (Second) of Torts §876(b) (1977).
The undisputed facts make clear the Copperbeech cannot prove the elements of this theory of liability. SLW was unaware of Lachman’s delivery of the advertisements. Therefore, the only facts to which defendants can point to show a common design to commit a tortious act revolve around the placement of the advertisement. Viewing the facts in the light most favorable to Copperbeech, even if there was an agreement between SLW and Lachman to place the advertisement, this is not sufficient to prove civil conspiracy because it did not result in a tortious act which damaged the plaintiffs. Aetna Cas. Sur. Co., 43 F.3d at 1564; see Beck v. Prupis, 529 U.S. 494, 504 (2000) (“It is the civil wrong resulting in damage and not the conspiracy which constitutes the cause of action” (citation omitted)). Accordingly, Copperbeech’s claim for civil conspiracy must fail as a matter of law and the motion for summary judgment as to Count III is allowed.

ORDER

For the forgoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be ALLOWED.

Copperbeech’s complaint alleges that Lachman committed civil conspiracy.

Whether SLW violated a Massachusetts Rule of Professional Conduct in its placement of the advertisement is not before this court. It is the responsibility of the Board of Bar Overseers to enforce the rules of professional conduct and take proper disciplinary actions when they are violated. S.J.C. Rule 4:01. Furthermore, even if SLWs actions were determined to have violated a mle of professional conduct, liability to an injured party would have to be based on a recognized and independent cause of action and not on an ethical violation alone. Sullivan v. Birmingham, 11 Mass.App.Ct. 359, 368 (1981).

Again, whether SLW violated a Massachusetts Rule of Professional Conduct in its placement of the advertisement is not before this court. See supra n.3.

Copperbeech also names defendant Mark Lachman in this claim.